UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50007
_____

PAUL W. DOUGLASS,

Plaintiff-Appellant,

versus

UNITED SERVICES AUTOMOBILE ASSOCIATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

March 28, 1996

Before POLITZ, Chief Judge, KING, GARWOOD, JOLLY, HIGGINBOTHAM,
DAVIS, JONES, SMITH, DUHÉ, WIENER, BARKSDALE, DeMOSS, BENAVIDES,
STEWART, PARKER, and DENNIS, Circuit Judges.[*]

RHESA HAWKINS BARKSDALE, Circuit Judge:

We took this case en banc to reconsider our rule that, if a
party does not timely file objections with the district court to a
magistrate judge's report and recommendation, that party is barred
on appeal to this court, except upon grounds of plain error or
manifest injustice, from challenging the proposed findings of fact
accepted by the district court, provided the party was served by
the magistrate judge with notice of the consequences for the
failure to object. On the other hand, under this rule, a

_____

[*]    Judge Emilio M. Garza recused himself and did not participate
in this decision.

magistrate judge's unobjected-to proposed legal conclusions accepted by the district court have not been subjected to this limited review.

The critical issue in this *pro se* appeal by Paul W. Douglass from a summary judgment is our standard of review, in that Douglass did not file objections to the magistrate judge's report and recommendation, which the district court accepted. The panel concluded that our court's rule required *de novo* review of the issues of law presented, even though, in essence, those issues are being raised on appeal for the first time. ***Douglass v. United Services Automobile Ass'n***, 65 F.3d 452, *reh'g granted*, 70 F.3d 335 (5th Cir. 1995). The panel recommended rehearing en banc to reconsider our rule.[1]

Today, pursuant to our supervisory rule-making power, we revise our rule in two significant, and one minor, respects. We hold that failure to object timely to a magistrate judge's report and recommendation bars a party, except upon grounds of plain error (our former rule's inclusion in this part of the rule of "or manifest injustice", if that was an alternative basis for limited review, has been deleted), from attacking on appeal not only the proposed factual findings (as under the former rule), *but also* the proposed legal conclusions, accepted (the term "or adopted" used in

---

[1] The case was reheard without supplemental briefing or oral argument.

- 2 -

our former rule is redundant and, as a minor change, has been deleted) by the district court, provided that the party has been served with notice that such consequences will result from a failure to object ("appellate forfeiture rule for accepted unobjected-to proposed findings and conclusions").

Douglass challenges the summary judgment dismissing his age discrimination claims against his former employer, United Services Automobile Association (USAA). Because the appellate forfeiture warning he received from the magistrate judge was under the former, rather than our new, rule, we must apply the former rule to him. In any event, we **AFFIRM**.

## I.

Douglass, born in 1927, and employed by USAA in February 1980 as a programmer, was placed on probation in December 1991. Shortly thereafter, in February 1992, he was removed from his position and placed in a holding unit, where USAA employees who had been removed from positions for which they were unqualified were given an opportunity to try to find another position within the company. While in the holding unit, Douglass was offered a position as an automated data processing technician, which he accepted that March. As a result of the change in positions, Douglass' pay was reduced almost 11%.

In July 1993, Douglass filed this action against USAA, claiming that it discriminated against him because of his age when it removed him from his programmer position and forced him to accept another position with reduced salary and benefits.[2] Douglass alleged that, in 1990, he began receiving poor work evaluations and was excluded from beneficial work assignments because of his age.

Pursuant, among other things, to 28 U.S.C. § 636(b)(1), the action was referred to a magistrate judge. USAA moved for summary judgment, maintaining that Douglass was removed from his position because of poor work performance, not age. USAA supported the motion with affidavits from Douglass' supervisors and personnel records documenting the deficiencies in his performance and the reasons for his removal from the programmer position. To his unsworn response, Douglass attached a copy of an affidavit that he had submitted to the Equal Employment Opportunity Commission, in which he expressed his subjective belief that he had been subjected to age discrimination. And, in his response, Douglass stated that records necessary to prove his claim were not available to him, and that he lacked the financial means to purchase copies of depositions that would assist the court in its ruling. USAA filed

---

[2]     Douglass' brief states incorrectly that he asserted a claim under the Consolidated Omnibus Budget Reconciliation Act (COBRA). His complaint, however, alleged only violations of the Age Discrimination in Employment Act. In any event, he does not press a COBRA claim.

a reply, attaching deposition excerpts and additional affidavits in support of its claim that Douglass was removed from his position because of his performance, not age.

In a September 21, 1994, order, the magistrate judge stated that Douglass' response was deficient, but that he should be given another opportunity to provide summary judgment evidence. The order explained, in great detail, summary judgment procedure and Douglass' burden in responding to USAA's motion. Douglass was given until October 14 to respond. In addition, because of Douglass' *pro se* status and indigence, the magistrate judge ordered USAA to produce copies of all depositions to the court for *in camera* inspection, in order to determine whether there was any summary judgment evidence to support Douglass' claim.[3] On September 27, Douglass moved for a continuance, stating that he had moved to another state, and wanted to retain an attorney.[4] Douglass did not respond further to the summary judgment motion.

On October 27, the magistrate judge, pursuant to 28 U.S.C. § 636(b)(1)(B), recommended that summary judgment be granted USAA. The magistrate judge noted that Douglass had offered only

---

[3]     Because the order provided that the depositions would be returned to USAA after the magistrate judge's inspection, they are not in the record. But, as noted, USAA submitted deposition excerpts with its reply to Douglass' response to the summary judgment motion.

[4]     The record does not contain a ruling on Douglass' continuance request.

conjecture, conclusions and opinions unsupported by fact-specific summary judgment evidence, and had, therefore, failed to raise a material fact issue in response to USAA's evidence that he was removed from his programmer position because of performance, not age.

Pursuant to our former rule, the magistrate judge warned at the conclusion of his report and recommendation that "<u>any failure to file written objections to the proposed findings, conclusions and recommendation ... within 10 days after being served with a copy shall bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice</u>". Nevertheless, Douglass did not object. Pursuant to 28 U.S.C. § 636(b)(1), the district court accepted the report and recommendation and awarded judgment to USAA, noting that it need not conduct a *de novo* review of the report and recommendation because no party had objected.

## II.

Douglass contends that the district court erred by granting summary judgment for USAA, asserting that his age was one of the reasons for his demotion. For starters, the parties disagree as to our standard of review. Douglass maintains that, as usual, the summary judgment should be reviewed *de novo*. USAA counters that, consistent with the warning in the magistrate judge's report and

recommendation, and because Douglass failed to object, he is precluded from challenging any factual findings by the magistrate judge that were accepted or adopted by the district court, absent plain error or manifest injustice. We turn first to our standard of review.

## A.

The standard of review analysis focuses on the two major parts of our rule that we change today: (1) applying the same consequences on appeal for a failure to object to a magistrate judge's proposed legal conclusions accepted by the district court as we do to the accepted unobjected-to proposed findings of fact; and (2) having "plain error", rather than "plain error or manifest injustice", as the only exception to our not reviewing the accepted unobjected-to proposed findings and conclusions.

These two changes overlap to a great degree, because they both concern concepts of "waiver" and "forfeiture". For example, as hereinafter developed, if the failure to object to the magistrate judge's report and recommendation is considered a waiver, then there are few, if any, exceptions, not even for plain error, to not reviewing issues raised for the first time on appeal concerning the unobjected-to proposed findings and conclusions accepted by the district court. But, if such failure to object is considered a forfeiture, as it is by our court, then there is a limited exception to not reviewing such issues raised on appeal for the first time; the question becomes how limited that exception should

- 7 -

be.

Even though the rule, and the exception to the rule, often touch on the same questions and concerns, such as satisfying the "interests of justice", *Thomas v. Arn*, 474 U.S. 140, 155 (1985), they are analyzed separately here; the resulting duplication is more than justified in avoiding the confusion, and complexity, that ensues in approaching the two changes as one.

Before addressing the more narrow question of the standard of review for a summary judgment, when objections are not made to a magistrate judge's report and recommendation, we examine, for such failure, our court's appellate forfeiture rule in general in this context. There is a six-five split between the circuits as to the consequences for a failure to so object. (Apparently, the only circuit that has not adopted a rule is that for the District of Columbia. *See* *Powell v. United States Bureau of Prisons*, 927 F.2d 1239, 1247-48 (D.C. Cir. 1991) (Sentelle, J., dissenting).) Under our former rule, we tented in the more lenient (minority) camp; we remain there under our new rule.

Our leniency was reflected in large part by our former rule not applying the same harsh consequences to unobjected-to proposed legal conclusions accepted by the district court as we did to accepted unobjected-to proposed findings of fact. This anomaly, which caused a great waste of judicial resources, not to mention inefficiency and added expense, and which was totally at odds with

the forfeiture/plain error rule applicable in other settings, such as a failure to object in open court, grew more and more troublesome in light of the vastly expanded use of magistrate judges for conducting proceedings and preparing a report and recommendation for matters such as summary judgment motions (as in issue here), motions to suppress evidence in criminal cases, applications for post-trial relief by persons convicted of criminal offenses, and challenges by prisoners to conditions of confinement. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts and of the Rules Governing Section 2255 Proceedings in the United States District Courts.[5]  This expanded use, and the ever-increasing need for

---

[5]     28 U.S.C. § 636(b)(1) provides:

>        (b)(1) Notwithstanding any provision of law to the contrary --
>
>        (A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.  A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or

contrary to law.

(B)  a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

(C)  the magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

Rule 8(b) of the Rules Governing Section 2254 Cases and of the Rules Governing Section 2255 Proceedings is identical; it provides:

(b)  Function of the magistrate.

(1)  When designated to do so in accordance with 28 U.S.C. § 636(b), a magistrate may conduct hearings, including evidentiary hearings, on the petition, and submit to a judge of the court proposed findings of fact and

efficiency and economy, is especially necessary in order to stem the tide from the veritable flood of prisoner conditions of confinement complaints.

Our leniency is reflected also by continuing to allow plain error review under our new rule; our former and new rules are premised on "forfeiture", not "waiver". Therefore, consistent with our precedent, discussed *infra*, we refer to our circuit's rule as an appellate "forfeiture", rather than a "waiver", rule. As the Supreme Court emphasized in **United States v. Olano**, 507 U.S. 725, 113 S. Ct. 1770 (1993), in clarifying plain error review, FED. R. CRIM. P. 52(b) ("Plain Error") is premised on there being a

recommendations for disposition.

(2) The magistrate shall file proposed findings and recommendations with the court and a copy shall forthwith be mailed to all parties.

(3) Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.

(4) A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

forfeiture, rather than a waiver; otherwise, in general, there could be no correction of the error on appeal. "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *Id.* at ___, 113 S. Ct. at 1777 (internal quotation marks and citations omitted). "Mere forfeiture, as opposed to waiver, does not extinguish an `error'." *Id.*

This is noted in our post-*Olano* en banc opinion on plain error, ***United States v. Calverley***, 37 F.3d 160, 162 (5th Cir. 1994) (en banc) ("forfeited legal error, or unobjected-to, unwaived error, may be reviewable if it qualifies"), *cert. denied*, ___ U.S. ___, 115 S. Ct. 1266 (1995). Under our former rule, our court treated the failure to object to a magistrate judge's report and recommendation as a forfeiture, rather than as a waiver, thereby permitting, *inter alia*, plain error review.

Consistent with 28 U.S.C. § 636 (b)(1), FED. R. CIV. P. 72 provides that "a party may serve and file specific, written objections to the proposed findings and recommendations" of a magistrate judge within 10 days after being served with a copy of the report and recommendation, and thereby secure *de novo* review by the district court; but, again consistent with § 636(b)(1), it is silent with respect to the consequences of a party's failure to object. The advisory committee's note to Rule 72(b) states that,

"[w]hen no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation". FED. R. CIV. P. 72(b) advisory committee's note (1983). With respect to the consequences for appellate review, the note states that "[f]ailure to make timely objection to the magistrate's report prior to its adoption by the district judge may constitute a waiver of appellate review of the district judge's order". *Id*. (citing *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981)).

The Supreme Court has held that the courts of appeals may, in the exercise of their supervisory rule-making power, deny appellate review for failure to object to a magistrate judge's report and recommendation. *Thomas v. Arn*, 474 U.S. at 155. For such failure, *Thomas* condones the denial of appellate review not only of accepted proposed factual findings, *but also* of such legal conclusions. *Id*. at 150. The Court observed that the Sixth Circuit's decision to require filing objections to preserve the right to appellate review both of accepted factual findings and of legal conclusions is supported by "sound considerations of judicial economy". *Id*. at 148.

> Absent such a rule, any issue before the magistrate would be a proper subject for appellate review. This would either force the court of appeals to consider claims that were never reviewed by the district court, or force the district court to review every issue in every case, no matter how thorough the magistrate's analysis and even if both parties

> were satisfied with the magistrate's report. Either result would be an inefficient use of judicial resources. *In short, the same rationale that prevents a party from raising an issue before a circuit court of appeals that was not raised before the district court applies here.*

*Id.* (internal quotation marks, brackets, and citation omitted; emphasis added). The Court emphasized, however, that, "because the rule is a nonjurisdictional *waiver* provision, the Court of Appeals may excuse the default in the interests of justice". *Id.* at 155 (emphasis added).

1.

As noted, and concerning treating equally the failure to object to accepted proposed findings of fact and conclusions of law by a magistrate judge, the advisory committee's note to FED. R. CIV. P. 72(b) cites with approval another Sixth Circuit case, *Walters*, which held, without distinguishing between factual findings and legal conclusions, "that a party shall file objections with the district court or else waive right to appeal". 638 F.2d at 950. *See also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[a]s long as a party was properly informed of the consequences of

failing to object, the party waives subsequent review by the district court and appeal to this court if it fails to file an objection").[6]

The Fourth Circuit, which applies a similar rule both to factual findings and to legal conclusions, observed that the purpose of the Federal Magistrates Act, 28 U.S.C. §§ 631-36, would be defeated if litigants could ignore their right to file objections with the district court without imperiling their right to raise those objections in the court of appeals.

> Litigants would have no incentive to make objections at the trial level; in fact they might even be encouraged to bypass the district court entirely, even though Congress has lodged the primary responsibility for supervision of federal magistrates' functions with that judicial body. Equally as troubling, ... [the absence of such a rule] would impose a serious incongruity on the

---

[6] The Sixth Circuit gave its new rule in **Walters** "only prospective effect because rules of procedure should promote, not defeat the ends of justice". 638 F.2d at 950; *see also* **Kelly v. Withrow**, 25 F.3d 363, 366 (6th Cir.) ("[t]he requirement for specific objections to a magistrate judge's report is not jurisdictional and a failure to comply may be excused in the interest of justice"), *cert. denied*, ___ U.S. ___, 115 S. Ct 674 (1994). The Sixth Circuit has held also that "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious". **Miller v. Currie**, 50 F.3d at 380. *See also* **Howard v. Secretary of Health & Human Servs.**, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."). But, compliance with the rule is excused in the Sixth Circuit when a district court considers untimely objections. **Patterson v. Mintzes**, 717 F.2d 284, 286 (6th Cir. 1983).

> district court's decision making process --
> vesting it with the duty to decide issues
> based on the magistrate's findings but
> depriving it of the opportunity to correct
> those findings when the litigant has
> identified a possible error.

*United States v. Schronce*, 727 F.2d 91, 93-94 (4th Cir.), *cert.
denied*, 467 U.S. 1208 (1984).[7]

Our court, however, has limited its rule to accepted

---

[7] In addition to the Fourth and Sixth Circuits, four other circuits (First, Second, Seventh, and Tenth) apply an appellate waiver rule not only to accepted unobjected-to proposed findings of fact, but also to such conclusions of law. For the First and Second Circuits, *see Henley Drilling Co. v. McGee*, 36 F.3d 143, 150 (1st Cir. 1994); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980); *F.D.I.C. v. Hillcrest Associates*, 66 F.3d 566, 569 (2d Cir. 1995); *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983). *Cf. Small v. Secretary of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (describing exception to rule for *pro se* litigants unless the magistrate judge's report states that failure to object will preclude appellate review).

The Seventh Circuit has held that the "[f]ailure to file objections with the district court to a magistrate's report and recommendation waives the right to appeal all issues addressed in the recommendation, both factual and legal"; but a waiver may be excused in the interests of justice. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995); *see also Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986). *Cf. United States v. Robinson*, 30 F.3d 774, 777 (7th Cir. 1994) (refusing to apply appellate waiver rule where government did not claim prejudice from defendant's filing objections two days late).

The Tenth Circuit holds, similarly, that a failure to object waives appellate review of accepted unobjected-to proposed findings of fact and conclusions of law. An exception is made, however, for "a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations". *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Fero v. Kerby*, 39 F.3d 1462, 1477 (10th Cir. 1994), *cert. denied*, ___ U.S. ___, 115 S. Ct. 2278 (1995).

unobjected-to proposed factual findings, as is reflected in the above quoted warning given Douglass by the magistrate judge. We first considered the consequences of a failure to object to a magistrate judge's report and recommendation in *United States v. Lewis*, 621 F.2d 1382, 1386 (5th Cir. 1980), *cert. denied*, 450 U.S. 935 (1981). There, the magistrate judge recommended denial of the defendants' motion to suppress evidence; one defendant failed to object to the recommendation, which the district court adopted. Our court dismissed that defendant's appeal, holding that "[h]is failure to object is a *waiver* of his right to appeal the recommendations contained in the report". *Id*. at 1386 (emphasis added).

In *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc), a habeas matter, our court approved the *waiver* rule of *Lewis*, stating that it refused to "sit idly by and observe the `sandbagging' of district judges when an appellant fails to object to a magistrate's report in the district court and then undertakes to raise his objections for the first time" on appeal. *Id*. at 410. Nevertheless, our court modified *Lewis* in two very salient respects. First, it required that the magistrate judge's report notify the parties of the consequences for failing to file objections with the district court. *Id*. And, second, without explanation, it held that the failure to object bars a party only from "attacking on appeal *factual findings* accepted or adopted by

- 17 -

the district court except upon grounds of plain error or manifest injustice".  *Id.* (emphasis added).[8]

In sum, *Nettles* replaced the *Lewis* waiver rule, which applied to accepted unobjected-to proposed factual findings and legal conclusions, with a forfeiture rule (review for plain error or manifest injustice), applicable only to such factual findings. This was noted, only one month after *Nettles* was rendered, in *Hardin v. Wainwright*, 678 F.2d 589, 591 (5th Cir. 1982) (emphasis added): "[t]he failure to object *no longer waives* the right to appeal but simply limits the scope of appellate review of factual findings to plain error review; no limitation of the review of legal conclusions results."[9]  See *Orthopedic & Sports Injury Clinic v. Wang Laboratories, Inc.*, 922 F.2d 220, 225 (5th Cir. 1991) (party "is still able to request that [*res ipsa loquitur*] be considered on appeal, even if it did not question the magistrate's findings"); *United States v. Carrillo-Morales*, 27 F.3d 1054, 1062

---

[8]     *Nettles* was decided in 1982 by Unit B of the former Fifth Circuit, which became the Eleventh Circuit as of October 1, 1981. We nevertheless consider all Unit B cases, even those decided after that date, to be binding precedent.  See *United States v. Rojas-Martinez*, 968 F.2d 415, 420 n.11 (5th Cir. 1992), *cert. denied*, 506 U.S. 1039 (1992), and *cert. denied*, 506 U.S. 1059 (1993).  The Eleventh Circuit continues to adhere to *Nettles*.  *See, e.g., Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

[9]     *Hardin*, like *Nettles*, was decided by Unit B of the former Fifth Circuit.  *See* note 8, *supra.*

(5th Cir. 1994), *cert. denied*, \_\_\_ U.S. \_\_\_, 115 S. Ct. 1163 (1995) ("[c]ases following **Nettles** apply the rule only to a magistrate judge's findings of fact and not to his conclusions of law").[10]

As stated, **Nettles** offered no explanation for changing the appellate waiver rule announced in **Lewis** to a forfeiture rule applicable only to factual findings. Nor can we perceive any valid reason for distinguishing between proposed factual findings and proposed legal conclusions when parties fail to object to a magistrate judge's report and recommendation. In both instances, the point that should have been stated in an objection is later made for the first time on appeal. There is no basis for excepting such accepted unobjected-to proposed legal conclusions from our longstanding practice of refusing to consider issues raised for the first time on appeal, absent plain error. *See* **Calverley**, 37 F.3d at 162-64. Pursuant to our new appellate forfeiture rule for accepted unobjected-to proposed findings and conclusions, we no longer will make such an exception for such legal conclusions.

The efficacy of our rule applying to legal, as well as factual

---

[10]     In addition to the Fifth and Eleventh Circuits, three others (Third, Eighth, and Ninth) do not apply either an appellate waiver or an appellate forfeiture rule to accepted unobjected-to proposed legal conclusions in a magistrate judge's report. *See* **Henderson v. Carlson**, 812 F.2d 874, 878-79 (3d Cir.), *cert. denied*, 484 U.S. 837 (1987); **Burgess v. Moore**, 39 F.3d 216, 218 (8th Cir. 1994); **Lorin Corp. v. Goto & Co., Ltd.**, 700 F.2d 1202, 1207 (8th Cir. 1983); **Flaten v. Secretary of Health & Human Servs.**, 44 F.3d 1453, 1458 (9th Cir. 1995); **Martinez v. Ylst**, 951 F.2d 1153, 1156 & n.4 (9th Cir. 1991).

issues, is even more so for review of a summary judgment (the subject of this appeal), because a summary judgment involves only legal issues, *not* findings of fact.[11] The salutary purposes underlying summary judgment, and the procedures used in considering it, *see* FED. R. CIV. P. 56, are thwarted, if not destroyed, by this aspect of our former rule. Moreover, in the larger scheme of

---

[11] A summary judgment requires determining not only whether there are material fact issues, but also, if there are none, whether the prevailing party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Both considerations are legal issues (questions of law); neither is a finding of fact. *See* **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242 (1986). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted". *Id*. at 248. A court having decided which facts are material, the next "inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party". *Id*. at 250. Along this line, it is well to remember that summary judgment is simply another form of *judgment as a matter of law*, as reflected in the 1991 amendments to FED. R. CIV. P. 50. As the advisory committee's note to Rule 50 explains,

> [t]he expressed standard makes clear that action taken under the rule is a performance of the court's duty to assure enforcement of the controlling law and is not an intrusion on any responsibility for factual determinations conferred on the jury by the Seventh Amendment or any other provision of federal law. Because this standard is also used as a reference point for entry of summary judgment under 56(a), it serves to link the two related provisions.

FED. R. CIV. P. 50(a), advisory committee's note (1991).

things, this aspect of our former rule flies in the face of FED. R. CIV. P. 1 ("to secure the just, speedy, and inexpensive determination of every action"), and of the growing judicial recognition of the many benefits of summary judgment. *See, e.g.*, **Celotex Corp. v. Catrett**, 477 U.S. 317, 327 (1986) ("[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole"); *see also* **Little v. Liquid Air Corp.**, 37 F.3d 1069, 1075-76 (5th Cir. 1994) (en banc).

## 2.

The second significant change made today deals with the exception to our new appellate forfeiture rule for accepted unobjected-to proposed findings and conclusions. As quoted earlier, **Nettles** held that the exception was "upon grounds of *plain error or manifest injustice*", implying that those two terms have different meanings, but not explaining the difference, if any. 677 F.2d at 410 (emphasis added). However, as also quoted earlier, in **Hardin**, decided only a month after **Nettles**, our court, after quoting the preceding language from **Nettles**, omitted "manifest injustice", stating that the exception to our former rule was "a *plain error review*". 678 F.2d at 591 (emphasis added). *See also* **Griffini v. Mitchell**, 31 F.3d 690, 692 (8th Cir. 1994) (citing **Nettles**, but reviewing magistrate judge's unobjected-to findings of fact only "for plain error").

- 21 -

Accordingly, **Hardin** suggests that **Nettles'** use of "manifest injustice" was not intended to imply that it was different from "plain error". But, because our former rule used the terms "plain error" and "manifest injustice" in the disjunctive, preceded by "grounds of", indicating they were alternative bases for limited review of accepted unobjected-to proposed findings of fact, and because we can discern possible instances (not in issue here) when a party might claim "manifest injustice", even though not "plain error", as a result of a district court accepting a magistrate judge's report and recommendation, we will examine the two terms to determine if there is any meaningful substantive difference between them, as well as whether the latter ("manifest injustice") should be included in our new appellate forfeiture rule for accepted unobjected-to proposed findings and conclusions.

Under the recently-clarified plain error standard, appellate courts have *discretion* to correct unobjected-to (forfeited) errors that are plain ("clear" or "obvious") and affect substantial rights. *See* **Olano**, 507 U.S. at ___, 113 S. Ct. at 1777-79 (interpreting FED. R. CRIM. P. 52(b)); **Calverley**, 37 F.3d at 162-64 (applying FED. R. CRIM. P. 52(b)). In exercising that discretion, we "should correct a plain forfeited error affecting substantial rights if the error seriously affects the fairness, integrity or public reputation of judicial proceedings". **Olano**, 507 U.S. at ___, 113 S. Ct. at 1779 (internal quotation marks, brackets, and

citation omitted).

Although the Federal Rules of Civil Procedure do not contain a plain error rule, our court has applied the plain error standard of FED. R. CRIM. P. 52(b) in civil cases. *See* **Highlands Ins. Co. v. National Union Fire Ins. Co.**, 27 F.3d 1027, 1031-32 (5th Cir. 1994), *cert. denied*, ___ U.S. ___, 115 S. Ct. 903 (1995). Civil Rule 61 ("Harmless Error") supports that approach. Criminal Rule 52(a) ("Harmless Error"), specifies only the conditions under which courts "shall" disregard errors ("[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded"), while Criminal Rule 52(b) ("Plain Error") provides that "[p]lain errors ... may be noticed although they were not brought to the attention of the court". In contrast, Civil Rule 61 describes both the conditions for which an error should be disregarded and those for which it should not:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, *unless refusal to take such action appears to the court inconsistent with substantial justice*. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

FED. R. CIV. P. 61 (emphasis added). Thus, Civil Rule 61 combines in a single rule the harmless and plain error rules stated in

- 23 -

Criminal Rule 52(a) and (b).

In short, thanks to *Olano*, *Calverley*, and *Highlands*, our court has a solid understanding of "plain error".  On the other hand, the other term used to describe the limited review available under our former rule -- "manifest injustice" -- is a far more elusive concept.  Although the term appears in various contexts, it has not been defined clearly.

The term is found in FED. R. CIV. P. 16(e), which states that a pretrial order entered "following a final pretrial conference shall be modified only to prevent manifest injustice".  The advisory committee's note does not define "manifest injustice".  It does state, however, that the words "to prevent manifest injustice" appeared in the original rule (adopted in 1937), and "have been retained" because "[t]hey have the virtue of familiarity and adequately describe the restraint the trial judge should exercise".  FED. R. CIV. P. 16(e) advisory committee's note.

For other contexts in which "manifest injustice" appears, see, *e.g.*, *T I Federal Credit Union v. Delbonis*, 72 F.3d 921, 928 (1st Cir. 1995) stating that stipulations "should not be rigidly adhered to when it becomes apparent that it may inflict a manifest injustice upon one of the contracting parties"); *United States v. Connell*, 6 F.3d 27, 31 (1st Cir. 1995) (internal quotation marks and citation omitted) (finding no abuse of discretion in denial of belated motion for reconsideration of sentence because court was

"unpersuaded that the decision was clearly erroneous and would work a manifest injustice"); *Maynard v. C.I.A.*, 986 F.2d 547, 567 (1st Cir. 1993) (quoting *Mack v. Great Atlantic & Pacific Tea Co.*, 871 F.2d 179, 186 (1st Cir. 1989)) ("Intervention [into the district court's broad discretion in managing pretrial discovery] would be warranted `only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party.'").

Closer to the discussion at hand, as well as to the related concept of plain error, a frequent use of the term "manifest injustice", especially by our court, has been in stating the exception to the general rule that issues not raised in district court will not be considered on appeal. *See, e.g., Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (brackets, internal quotation marks, and citations omitted) ("Issues raised for the first time on appeal are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice."); *United States v. Sherbak*, 950 F.2d 1095, 1101 (5th Cir. 1992) (same); *Evans v. Fluor Distribution Cos., Inc.*, 799 F.2d 364, 366 (7th Cir. 1986) (citing *Stern v. United States Gypsum, Inc.*, 547 F.2d 1329, 1333-34 (7th Cir.), *cert. denied*, 434 U.S. 975 (1977)) (court has considered in the past arguments such as appellant's contention that "court has the discretion to allow legal issues to be raised for the first time on

appeal where not doing so would result in manifest injustice").

For our purposes, we are assisted greatly by our en banc opinion in *Calverley*. The vacated panel opinion in *Calverley* reviewed Calverley's challenge to the application of the Sentencing Guidelines, even though made for the first time on appeal, stating that because he received substantial additional prison time because of the claimed errors, "the district court's ruling was so prejudicial to Calverley that our failure to review his claim would result in manifest injustice". *United States v. Calverley*, 11 F.3d 505, 508 (5th Cir. 1993). Nevertheless, the panel found no error and affirmed Calverley's sentence. *Id*. at 516.

Our en banc opinion in *Calverley* noted that our court had previously "abbreviated the plain error inquiry into whether the issues raised for the first time on appeal are purely legal questions and failure to consider them would result in manifest injustice". 37 F.3d at 163 (internal quotation marks and footnote omitted). But, of great importance, *Calverley* did not incorporate the term "manifest injustice" in stating and clarifying our plain error standard. *Id*. at 162-64.

With very few exceptions, *Nettles* and its progeny constitute the overwhelming majority of cases that seem to treat manifest injustice and plain error as separate concepts.[12] Instead, most

---

[12]    *See, e.g.*, *National Ass'n of Government Employees v. City Public Serv. Bd.*, 40 F.3d 698, 710 (5th Cir. 1994) (emphasis added)

cases, pre- and post-*Olano*, in our circuit and others, use the term "manifest injustice" to describe the result of a plain error.[13] And, other cases seem to have equated plain error with manifest injustice. *See United States v. Palmer*, 956 F.2d 3, 7 (1st Cir. 1992) (where issue raised for first time on appeal, court found that "this most certainly is not a case of plain error" and that "this is not the deep, searing kind of `manifest injustice' that is required to overcome serious procedural default"); *United States v. Menon*, 24 F.3d 550, 555 (3d Cir. 1994) (district court's failure to instruct jury that statute required intent to deprive government of money or property "constituted manifest injustice and thus constituted plain error").

---

(citing *Nettles* and finding "no plain error *or* manifest injustice"); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (emphasis added) (quoting *Nettles* standard and finding "no *clear* error or manifest injustice" in magistrate judge's factual findings). *Cf. United States v. Bullard*, 13 F.3d 154, 160 (5th Cir. 1994) (emphasis added) (finding no "plain error *or* manifest injustice" in criminal defendant's sentence).

[13]   *See, e.g., United States v. Keller*, 58 F.3d 884, 889 (2d Cir. 1995) ("[p]lain error exists where an error or defect affects a defendant's substantial rights and results in a manifest injustice"). *United States v. Puig-Infante*, 19 F.3d 929, 941 (5th Cir.) (emphasis added) (pre-*Calverley*, post-*Olano*; defines plain error as "error so obvious and substantial that failure to notice it would affect the fairness, integrity, or public reputation of the judicial proceedings *and would result in manifest injustice*"), *cert. denied*, ___ U.S. ___, 115 S. Ct. 180 (1994); *Campbell v. Sonat Offshore Drilling, Inc.*, 979 F.2d 1115, 1125 & n.13 (5th Cir. 1992) (emphasis added) (issues raised for first time on appeal "are only reviewed for plain error -- in other words, *whether failure to consider them results in manifest injustice*").

To complete our journey through this morass, we follow our guiding star -- the emphasis in **Thomas v. Arn** that, "because the [supervisory] rule [barring appellate review of accepted unobjected-to proposed findings and conclusions] is a nonjurisdictional waiver provision, the Court of Appeals may excuse the default in the interests of justice". 474 U.S. at 155. A footnote to that sentence states:

> *Cf*. Fed. Rule Crim. Proc. 52(b) (court may correct plain error despite failure of party to object). We need not decide at this time what standards the courts of appeals must apply in considering exceptions to their waiver rules.

*Id*. at 155 n.15. In deciding whether a "manifest injustice" exception, in addition to a "plain error" exception, is necessary to safeguard "the interests of justice", we find it helpful to consider (and, in large part, revisit) exceptions used in other circuits. Before doing so, we note, again, that our court has applied a more lenient forfeiture rule, with limited review for the failure to object to the report and recommendation, rather than a harsh waiver rule, as illustrated below.

The First Circuit apparently has not created any exceptions to its supervisory rule, and has not indicated that it will review unpreserved claims in civil cases even for plain error. In **Park Motor Mart, Inc. v. Ford Motor Co.**, 616 F.2d 603 (1st Cir. 1980), the court held that "a party `may' file objections within ten days or he may not, as he chooses, but he `shall' do so if he wishes

further consideration". ***Id***. at 605.  The court stated further that,

> [e]ven if ... an appeal would lie in case of plain error, we are opposed to the taking of appeals by one who has never stated his position to the district court.  The remedy, if any, of a dissatisfied party who failed to object should be by way of a motion for reconsideration disclosing the grounds.

***Id***.  But, the court concluded that "there was, in any event, no plain error".  ***Id***.  *See also* ***Henley Drilling Co. v. McGee***, 36 F.3d 143, 150-51 & n.19 (1st Cir. 1994) (claims waived due to failure to object to magistrate judge's recommendation; case presents no suitable occasion for adoption of discretionary rule allowing party to raise unpreserved claim).  *But see* ***United States v. Wihbey***, 75 F.3d 761, 767 (1st Cir. 1996) (concerning suppression hearing, citing ***Olano*** and applying plain error standard).

Likewise, the Second Circuit apparently does not review even for plain error; but, it has created an "exception for *pro se* litigants unless the `magistrate's report explicitly states that failure to object to the report within ten (10) days will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure'".  ***F.D.I.C. v. Hillcrest Associates***, 66 F.3d 566, 569 (2d Cir. 1995) (quoting ***Small v. Secretary of Health & Human Servs.***, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* ***United States v. Tortora***, 30 F.3d 334, 338 (2d Cir. 1994) (refusing to apply appellate waiver rule where

defendant made only a general objection, because neither magistrate judge nor district court made copy of report available to defendant); *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983) ("[w]hen a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision"). In addition, if the district court rejects or substantially modifies the magistrate judge's recommendation, "the parties may object to all or part of that judgment and hence preserve specific issues for appeal". *Id*. at 237 n.2.

The Fourth Circuit has held that, where the magistrate judge's report and recommendation advised that written objections must be filed within 10 days, the party who failed to object "waived his right to appellate review of his fourth amendment claim". *United States v. Schronce*, 727 F.2d at 94; *see also United States v. George*, 971 F.2d 1113, 1118 n.7 (4th Cir. 1992) ("[a] party waives the right to appellate review of a magistrate's decision if it fails to object to the proposed decision before the district court"). But, a *pro se* litigant's appeal is not barred unless the litigant is notified of the consequences of a failure to object. *Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985). The Fourth Circuit apparently does not review such unobjected-to issues even for plain error.

As noted, the Sixth Circuit adopted a waiver rule in *Walters*,

but gave it "only prospective effect because rules of procedure should promote, not defeat the ends of justice".  638 F.2d at 950. "The requirement for specific objections to a magistrate judge's report is not jurisdictional and a failure to comply may be excused in the interest of justice".  *Kelly v. Withrow*, 25 F.3d 363, 366 (6th Cir.), *cert. denied*, ___ U.S. ___, 115 S. Ct. 674 (1994).[14] It is unclear whether the Sixth Circuit equates the "interest of justice" with plain error review.  *Id*.

The Seventh Circuit has "adopt[ed] the rule that failure to file objections with the district judge waives the right to appeal all issues, both factual and legal".  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).  But, "under certain circumstances the failure to file objections may be excused because the rule is not jurisdictional and should not be employed to defeat the `ends of justice'".  *Id*. at 540 (citing *Walters*, 638 F.2d at 949-50).  As with the Sixth Circuit, it is not clear whether the Seventh Circuit equates the "ends of justice" with plain error review.  However, the Seventh Circuit does not apply its appellate waiver rule where untimely objections are not "egregiously late" and the opposing party has not been prejudiced.  *See United States v. Robinson*, 30 F.3d 774, 777 (7th Cir. 1994); *Hunger v. Leininger*,

---

[14]    Compliance is excused also in the Sixth Circuit when a district court considers untimely objections.  *Patterson v. Mintzes*, 717 F.2d at 286.

15 F.3d 664, 668 (7th Cir.), *cert. denied*, ___ U.S. ___, 115 S. Ct. 123 (1994).

The Tenth Circuit holds similarly that a failure to object waives appellate review of accepted proposed findings of fact and conclusions of law. ***Moore v. United States***, 950 F.2d 656, 659 (10th Cir. 1991). But, the waiver rule "need not be applied when the interests of justice so dictate". ***Id***. Also, the rule does not apply "to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations". ***Id***.; *see also* ***Fero v. Kerby***, 39 F.3d 1462, 1477 (10th Cir. 1994), *cert. denied*, ___ U.S. ___, 115 S. Ct. 2278 (1995). The Tenth Circuit apparently treats a failure to object as a waiver, rather than a forfeiture, when the party has been informed of the consequences of failing to object; therefore, it does not review waivers for plain error. *See* ***id***. at 1477-78 (where *pro se* litigant not advised of consequences of failing to object, "it has not been clearly established that [his] response amounted to an intentional relinquishment of his right to appellate review").

We consider also the exceptions in those earlier discussed circuits (Third, Eighth, Ninth and Eleventh) that do not apply either an appellate waiver or forfeiture rule to accepted unobjected-to proposed legal conclusions. In ***Henderson v. Carlson***,

812 F.2d 874, 879 (3d Cir.), *cert. denied*, 484 U.S. 837 (1987), the Third Circuit addressed only such legal conclusions; it apparently has not adopted a rule for review of such factual findings, much less an exception to it.

The Eighth Circuit reviews accepted unobjected-to proposed factual findings for plain error. *See* **Griffini v. Mitchell**, 31 F.3d at 692; **Thompson v. Nix**, 897 F.2d 356, 357 (8th Cir. 1990). As noted, **Griffini** cited **Nettles**, but omitted any reference to review for "manifest injustice".

The Ninth Circuit, in **Martinez v. Ylst**, 951 F.2d 1153 (9th Cir. 1991), stated that, "[w]here a party has failed both to object to a magistrate's finding and to raise the issue until its reply brief in the appellate court, with the result that the issue is not adequately explored, waiver is appropriate unless there are circumstances suggesting that it will work a substantial inequity". **Id**. at 1157. In **Flaten v. Secretary of Health & Human Servs.**, 44 F.3d 1453 (9th Cir. 1995), however, the Ninth Circuit did not refer to an exception for "substantial inequity", holding that, "[b]ecause the Secretary did not object to the magistrate judge's recommendation on the specific grounds that the judge had accepted a vacated finding as undisputed fact, ... we deem that the

Secretary has *waived* that argument for purposes of this appeal". *Id*. at 1458 (emphasis added).

Finally, as discussed, the Eleventh Circuit applies **Nettles**, reviewing accepted unobjected-to proposed factual findings for "plain error or manifest injustice". *See **Resolution Trust Corp. v. Hallmark Builders, Inc.***, 996 F.2d 1144, 1149 (11th Cir. 1993).

Mindful of **Thomas v. Arn**'s reminder that a failure to object to a magistrate judge's report and recommendation may be excused in the "interests of justice", 474 U.S. at 155, having examined exceptions used by other circuits, and consistent with our treating the failure to object as a forfeiture, rather than as a waiver, we hold that such forfeitures will be reviewed only for plain error. There is no justification for having "manifest injustice" as a separate standard for reviewing accepted unobjected-to proposed findings and conclusions. In large part, this is because there is no meaningful difference between the "affects substantial rights" and the "fairness, integrity or public reputation of judicial proceedings" parts of the plain error standard, on the one hand, and "manifest injustice", on the other; as stated in **Calverley**, the latter is simply a shorthand version for these two parts of the plain error standard. *Cf*. **United States v. Young**, 470 U.S. 1, 15 (1985) (internal quotation marks and citations omitted; emphasis added) (Rule 52(b) authorizes courts to correct only particularly egregious errors that seriously affect the fairness, integrity, or

public reputation of judicial proceedings; "the plain-error exception to the contemporaneous-objection rule is to be used sparingly, solely in those circumstances in which a *miscarriage of justice* would otherwise result"). As stated, "manifest injustice", in the context of a failure to object to a magistrate judge's report and recommendation, is nothing more than a shorthand way of describing the result of a plain error that is worthy of correction under the **Olano**/**Calverley** standard. Accordingly, plain error review, alone, satisfies **Thomas v. Arn**'s concern for the "interests of justice".

Moreover, as discussed in making the first change to our former rule, having plain error as the only exception to our new appellate forfeiture rule for accepted unobjected-to proposed findings and conclusions makes the rule consistent with the limited review for plain error accorded a party in non-magistrate judge report and recommendation scenarios, when that party raises an issue on appeal for the first time. After all, the failure to object to a magistrate judge's report and recommendation is really no different from, for example, the failure of counsel in open court to object to the admission of evidence. There is a failure to object, nothing more. Therefore, having plain error review as the sole exception to not reviewing such failures (forfeitures), whether in the context of a magistrate judge's report and recommendation, or otherwise, promotes uniformity and simplicity,

with attendant efficiency and economy for the courts and the parties; the ends of justice are surely served. *See, e.g.*, FED. R. CRIM. P. 2 (rules "shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay"); FED. R. CIV. P. 1 (rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action").[15]

3.

Therefore, we overrule the appellate forfeiture rule applied by *Nettles* and its progeny, and hold that a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party,

---

[15] We address only a party's failure to object to a magistrate judge's report and recommendation after that party has been served with notice of the consequences of such a failure. We do not consider other hypothetical situations, if any, for which the plain error standard might not suffice. *See Olano*, 507 U.S. at ___, 113 S. Ct. at 1777 (court did "not consider the special case where the error was unclear at the time of trial but becomes clear on appeal because the applicable law has been clarified"); *id*. at 1778 (court did not decide "whether the phrase `affecting substantial rights' is always synonymous with `prejudicial'"); *id*. (noting that "[t]here may be a special category of forfeited errors that can be corrected regardless of their effect on the outcome"). We note, however, the existence of other avenues of relief. *See* FED. R. CIV. P. 60(b) (relief from judgment); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d at 605 ("[t]he remedy, if any, of a dissatisfied party who failed to object [to a magistrate judge's report and recommendation] should be by way of a motion for reconsideration disclosing the grounds"); *see also Harper v. Virginia Dep't of Taxation*, 509 U.S. 86 (1993) (addressing situations in which the law changes during the pendency of a case).

except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted[16] by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[17]

Accordingly, pursuant to our supervisory powers, we direct the judicial officers in our circuit to revise the warning statements which have been included in magistrate judges' report and recommendations since ***Nettles*** to reflect these changes in our rule. But, our prior limited appellate forfeiture rule, as formulated in ***Nettles***, applies to parties who have not received the new warning required by the rule we now announce.

We note that it is often the case, especially in *pro se* cases, that, even though objections are not filed to all of the magistrate judge's proposed findings and conclusions, the district judge engages in *de novo* review of all of the proposals, because he is not certain which ones are challenged, or on what basis. For issues, fact or law, so reviewed *de novo*, we ordinarily will not

---

[16]    Our former rule used the phrase "accepted or adopted"; the phrase "or adopted" is redundant. The word "adopted" does not appear in 28 U.S.C. § 636, FED. R. CIV. P. 72, or the Rules Governing Habeas Corpus Cases Under Section 2254 or Section 2255. We have deleted it from our rule, because we see no difference between a district court "accepting" or "adopting" a magistrate judge's proposed findings of fact and conclusions of law.

[17]    Nothing in this opinion restricts the district court's authority to reject a magistrate judge's report and recommendation.

impose our new rule.  Restated, we ordinarily will not hold that a point reviewed *de novo* by the district judge was not objected to before it was so reviewed by that judge.

On the other hand, this is not to indicate that the district court may not properly dispose of the matter in the alternative, by stating that the objections do not address a particular proposed finding or conclusion, but that even if they did, that finding or conclusion is proper (or, similarly, there are no objections, but in any event, the proposed findings and conclusions are entirely correct), in which event, we would be free to affirm on the basis of a lack of proper objection, unless, of course, we found plain error.

### B.

Because Douglass was not warned that failure to object to the legal conclusions in the magistrate judge's report and recommendation would restrict appellate review of them to plain error, he falls within an exception to our new appellate forfeiture rule for accepted unobjected-to proposed findings and conclusions. As discussed *supra*, a summary judgment is premised on legal issues; there are no findings of fact.  Accordingly, consistent with our regular standard of review for a summary judgment, *e.g.*, **Forsyth v. Barr**, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, ___ U.S. ___,

115 S. Ct. 195 (1994), we review the summary judgment in issue *de novo*.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c). If the movant satisfies its initial burden of demonstrating the absence of a material fact issue, "the non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact issue concerning the essential elements of its case for which it will bear the burden of proof at trial". *Forsyth*, 19 F.3d at 1533 (citations omitted).

As discussed in note 11, *supra*, there is no material fact issue unless "the evidence is such that a reasonable jury could return a verdict for the nonmoving party". *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In short, conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden. *Forsyth*, 19 F.3d at 1533.

Applying *de novo* review, the panel concluded that summary judgment was proper. In sum, as developed in the panel opinion, 65 F.3d at 459, the summary judgment record shows that USAA more than satisfied its initial summary judgment burden of pointing out the

absence of material fact issues regarding the reason for Douglass' removal from his programmer position. USAA filed affidavits and personnel records documenting Douglass' poor work performance and his need for improvement. In response, Douglass offered nothing to rebut this evidence, and offered only his personal perceptions and speculation that USAA's decision to remove him from the position was based on his age.

It is more than well-settled that an employee's subjective belief that he suffered an adverse employment action as a result of discrimination, without more, is not enough to survive a summary judgment motion, in the face of proof showing an adequate non-discriminatory reason. *See, e.g.*, ***Ray v. Tandem Computers, Inc.***, 63 F.3d 429, 434 (5th Cir. 1995) ("bald assertions of age discrimination are inadequate to permit a finding that proscribed discrimination motivated [defendant's] actions against [plaintiff]"); ***Grizzle v. Travelers Health Network, Inc.***, 14 F.3d 261, 268 (5th Cir. 1994) (employee's "self-serving generalized testimony stating her subjective belief that discrimination occurred ... is simply insufficient to support a jury verdict in plaintiff's favor"); ***Little v. Republic Refining Co., Ltd.***, 924 F.2d 93, 96 (5th Cir. 1991) ("[a]n age discrimination plaintiff's own good faith belief that his age motivated his employer's action is of little value"); ***Hornsby v. Conoco, Inc.***, 777 F.2d 243, 246 (5th Cir. 1985) ("[w]e cannot allow subjective belief to be the

basis for judicial relief when an adequate nondiscriminatory reason for the discharge has been presented"); *Elliott v. Group Medical & Surgical Serv.*, 714 F.2d 556, 566 (5th Cir. 1983) ("generalized testimony by an employee regarding his subjective belief that his discharge was the result of age discrimination is insufficient to make an issue for the jury in the face of proof showing an adequate, nondiscriminatory reason for his discharge"), *cert. denied*, 467 U.S. 1215 (1984).

## III.

To assist in ensuring prompt compliance, we state again, under our supervisory powers, our new appellate forfeiture rule for accepted unobjected-to proposed findings and conclusions, as well as the requirement that our new rule be included in a magistrate judge's report and recommendation:

> 1. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.

> 2. The judicial officers in our circuit are to revise the appellate forfeiture warning in magistrate judges' report and recommendations so that it states this new rule.

For the foregoing reasons, the summary judgment is **AFFIRMED**,

and the supervisory powers directives are **ISSUED.**