IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30723
Summary Calendar
_____

ROYAL SANDERS,

                                        Petitioner-Appellant,

versus

STATE OF LOUISIANA,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-2836-K
--------------------

January 21, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

    Royal Sanders, Louisiana prisoner # 107157, appeals the district court's denial of his § 2254 application for a writ of habeas corpus as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996.  He contends that the limitations period should have been equitably tolled because he did not receive notice that the Louisiana Fourth Circuit Court of Appeal had denied his application for a supervisory writ.

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sanders did not file timely objections to the magistrate judge's report, which recommended that his § 2254 application be dismissed as time-barred. Accordingly, this court will review the district court's decision for plain error only. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). Sanders's equitable tolling argument requires the resolution of factual issues not addressed by the district court. For a fact issue to be properly asserted as plain error on appeal, it must be one arising outside of the district court's power to resolve. See United States v. Alvarado-Saldivar, 62 F.3d 697, 700 (5th Cir. 1995). Sanders's equitable tolling argument could have been decided by the district court. Sanders has not shown the district court committed error, plain or otherwise, in dismissing his § 2254 application as time-barred.

AFFIRMED.