IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50969
Summary Calendar
_____

LINDA DE LA GARZA-CROOKS,

Plaintiff-Appellant,

versus

AT&T,

Defendant-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA 99 CA 0110-HG
--------------------
March 22, 2001

Before SMITH, BENAVIDES, and DENNIS Circuit Judges.

PER CURIAM:[*]

Appellant Linda De La Garza-Crooks appeals the summary judgment dismissal of her claims against AT&T alleging violations of the Americans with Disability Act (ADA), Equal Pay Act (EPA), Title VII, the Employee Retirement and Income Security Act (ERISA), and the Family Medical Leave Act (FMLA). Dismissal of Appellant's ADA, EPA, Title VII and ERISA claims was predicated upon a magistrate judge's Report and Recommendation. Appellant concedes that she did not object to the magistrate's report, despite being informed of the need to object by the magistrate's

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Report and Recommendation. Accordingly, we review the district court's decision solely for plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc). To the extent that Appellant challenges the district court's dismissal of her ADA, EPA, Title VII and ERISA claims, she falls woefully short of establishing such error.

With respect to appellant's FMLA "pure" interference claim, we affirm for the reason stated in the district court's opinion: appellant suffered no cognizable injury because of any FMLA violations by AT&T. Appellant never alleged she was discharged or retaliated against because she exercised rights under the FMLA. Rather, she alleges that AT&T interfered by discouraging her from using her FMLA leave. Generally, proof of injury under the FMLA requires evidence that the plaintiff was denied FMLA leave improperly. *See Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1274 (11th Cir. 1999) ("[A] plaintiff suffers no FMLA injury when she receives all the leave she requests. . . ."). No evidence in the record suggests that AT&T ever denied appellant any requested FMLA leave. Assuming that discouragement from use of FMLA leave is sufficient to state an FMLA injury, appellant has failed to present any evidence that she refrained from taking FMLA leave to which she was entitled because of actions by AT&T. To the contrary, the record suggests that appellant took all FMLA leave available to her during the period relevant to this case. Thus, appellant has not established a fact issue that would preclude summary judgment in favor of AT&T.

For these reasons, we AFFIRM the judgment of the district court.

AFFIRMED.