United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 28, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30867
Summary Calendar

_____

WILLIE L WASHINGTON,

Plaintiff-Appellant,

versus

VENETIA MICHAEL; MICHAEL RHODES; CHAROLETTE APPEL;
INSURANCE CO., Unknown,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:03-CV-1586-DEW
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Willie L. Washington, Louisiana prisoner # 77381, appeals the district court's dismissal of his civil rights action against various prison officials for failure to exhaust administrative remedies.

In addition to arguing the merits of his case, Washington argues on appeal that he "made not one (1), but two (2) attempts to file Administrative Remedies," both of which were rejected, and that an administrative remedy procedure (ARP) screening

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

officer stated in a memorandum to Washington, "Once an ARP has been rejected, you have exhausted your Administrative Remedies." However, in the district court, Washington did not object to, but agreed with, the magistrate judge's finding that he had failed to exhaust his administrative remedies. Accordingly, our review is for plain error. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

Washington has not shown that he has exhausted his administrative remedies; he does not argue that he appealed the rejection of either ARP or that the second ARP was an appeal of the first, and there is no indication of this in the record. See 22 LA. ADMIN. CODE, Pt. I, § 325(G)(1), (2). Furthermore, because the memorandum is not in the record on appeal and was in fact written after the district court entered its decision, this court need not consider it as evidence of an administrative procedural policy, futility, or a waiver of the exhaustion requirement. See Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999) (appellate court may not consider evidence presented for first time on appeal or facts not before the district court at the time of the district court's ruling).

Accordingly, the district court did not plainly err in dismissing Washington's complaint for failure to exhaust administrative remedies.

AFFIRMED.