# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2021

Lyle W. Cayce
Clerk

No. 21-30160

Albert Charles, Jr.,

*Plaintiff—Appellant*,

*versus*

Kilolo Kijakazi, *Acting Commissioner of Social Security*,

*Defendant—Appellee*.

Appeal from the United States District Court for the
Eastern District of Louisiana
USDC No. 2:20-cv-1424

Before Southwick, Oldham, and Wilson, *Circuit Judges*.
Per Curiam:*

In 2017, Albert Charles, Jr. was shot and injured. He then applied for disability insurance benefits and supplemental security income. The Social Security Administration ("SSA") denied both applications, and Charles requested and received a hearing before an Administrative Law Judge ("ALJ"). The ALJ denied the applications on the ground that Charles had

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

no "disability" under the Social Security Act. *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A). The SSA Commissioner, by way of the SSA's Appeals Council, subsequently adopted the ALJ's decision.

Relevant here, the ALJ found there are "significant numbers" of three jobs that Charles could perform, despite his injury: "Belt Repairer" (22,000 jobs nationwide), "Gas Meter Repairer" (16,000 jobs), and "Water Leak Repairer" (6,500 jobs). The ALJ partially based her no-disability determination on the existence of these jobs. *See* 20 C.F.R. 404.1520(a) (describing "the five-step sequential evaluation process" the SSA uses "to decide whether [an applicant is] disabled," step five of which explains that "[i]f you can make an adjustment to other work, we will find that you are not disabled").

Charles challenged the Commissioner's decision in federal district court. A magistrate judge recommended that the court reject all of Charles's arguments and dismiss his suit. After Charles failed to object to that report and recommendation, the district court dismissed the suit. Charles appealed.

When a party fails to object to a magistrate's report and recommendation, our review of the district court's resulting decision is for plain error—so long as the party "has been served with notice that [this consequence] will result from a failure to object." *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Charles received just such notice: the magistrate's report explicitly warned Charles of the *Douglass* rule. He nonetheless failed to object. Therefore, our review is for plain error. To prevail, Charles must show "(1) that the district court committed an error (2) that is plain and (3) affects his substantial rights and (4) that failure to correct the error would 'seriously affect the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Sanchez-Hernandez*, 931

F.3d 408, 410 (5th Cir. 2019) (quoting *Johnson v. United States*, 520 U.S. 461, 466–67 (1997)).

Charles now makes two arguments. First, he argues the Commissioner (by way of the ALJ) in fact "made no determination" about the number of jobs—instead merely parroting a vocational expert's testimony on the matter. Second, he argues that, if there was a job-numbers determination, the Commissioner (by way of the ALJ) didn't consider enough factors when making it.

Even if we assume the district court erred, Charles has made no argument that any error was plain. And in any event, any error (even if plain) could not affect Charles's substantial rights because he does not argue that the ALJ's stated job numbers were in fact wrong. These failures doom his appeal. *See, e.g.*, *United States v. Delgado*, 672 F.3d 320, 340 n.24 (5th Cir. 2012) ("All four prongs of the test must be satisfied in order for us to correct an error.").

AFFIRMED.