UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60116
Summary Calendar

_____

**EDWARD LEE CONFER,**

Plaintiff-Appellant,

**versus**

**MURPHY OIL CORPORATION,**

Defendant-Appellee.

**Appeal from the United States District Court
for the Southern District of Mississippi
(2:96-CV-84-PG)**

**August 19, 1998**

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Edward Lee Confer appeals the summary judgment awarded Murphy Oil Corporation, dismissing his Jones Act and general maritime law claims. We **AFFIRM**.

Confer was employed by Murphy Oil as a mechanic, assigned to the MR. GUS II, which was originally built and used as a jack-up drill rig. In 1984, the MR. GUS II was outfitted as a production platform, with, *inter alia*, all of the drilling equipment being removed. In 1989, the MR. GUS II was moved to its present location in the Gulf of Mexico; its jacking system was disabled to prevent

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inadvertent movement and secured to the ocean floor by sand bags. Confer was injured aboard the MR. GUS II in 1995, when he slipped and fell while answering an alarm. Consequently, Confer filed this action pursuant to the Jones Act, 46 U.S.C. § 688, and general maritime law.

Murphy Oil moved for summary judgment, contending that Confer failed to meet the prerequisites for coverage under the Jones Act because he was not permanently assigned to a vessel in navigation. The district court agreed, holding that, on the date of Confer's injury, the MR. GUS II was not a vessel as required by the Jones Act.

Confer contends the district court erred in granting summary judgment because the MR. GUS II is a vessel, and that in any event, he was permanently assigned as the seaman operating the life boat of the MR. GUS II, which was itself a vessel, thus entitling him to seaman's status.

Needless to say, we review a grant of summary judgment *de novo*, applying the same standard as the district court. *See **Little v. Liquid Air Corp.***, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary Judgment is proper where there is no material fact issue, and the movant is entitled to judgment as a matter of law. ***Id.****; see* FED. R. CIV. P. 56(c).

Moreover, we review Confer's contention that he was a seaman assigned to the lifeboat of the MR. GUS II for plain error, due to his failure to properly raise the issue in the district court. *See **Douglass v. United Servs. Auto. Ass'n,*** 79 F.3d 1415, 1424 (5th Cir.

1996)(en banc); *Highlands Ins. Co. v. National Union Fire Ins. Co.*, 27 F.3d 1027, 1031-32 (5th Cir. 1994), *cert. denied*, 513 U.S. 1112 (1995).

Having reviewed the record, and the briefs of the parties, we find no error, plain or otherwise, and **AFFIRM** the summary judgment, for essentially the same reasons stated by the district court. *See Confer v. Murphy Oil Corp.*, No. 2:96-CV-84-PG, slip op. at 8 (S.D. Miss. Fed. 28, 1997).

*AFFIRMED*