IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 98-41120
Summary Calendar

DANIEL GLEN OSTRANDER,

Plaintiff-Appellant,

versus

EDDIE WILLIAMS; TROY SIMPSON; RICKEY
TARVER; JIMMY JOHNSON; RICHARD ALFORD;
WILLIAM PITTMAN; JOHN DEGGS; ADAM
SHEPPARD; TOMMY HYDER; NORMA SHERMAN;
BOBBY SUMMERS; TIMOTHY WEST, Senior
Warden,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
- - - - - - - - - -
November 16, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Daniel Glen Ostrander, an inmate, brought this action under
42 U.S.C. § 1983 alleging retaliation by prison officials and
violations of due process at a disciplinary proceeding.
Ostrander appeals the district court's grant of summary judgment
for defendants, which was adopted from the magistrate's report
and recommendation.  Ostrander also claims that the magistrate
should have granted him access to the audiotapes of his
disciplinary proceedings before the court granted summary
judgment.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Parties must object to a magistrate's report and recommendation within ten days of being served.  See 28 U.S.C. § 636(b)(1).  If an appellant has received notice of the requirement but fails to object, this court reviews for plain error the district court's grant of summary judgment based upon that report and recommendation.  See Douglass v. United Serv. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc). Ostrander was notified of the ten-day rule but filed no objections, making the plain error standard applicable.

After close examination of the record and consideration of the parties' arguments, we find no plain error in the district court's rulings.  Ostrander cannot bring his due process suit as a § 1983 action, and his allegations of retaliation were wholly conclusory.  Because Ostrander's due process claims were not actionable under § 1983, it is irrelevant whether Ostrander had access to the audiotape of his disciplinary proceeding before the grant of summary judgment.

AFFIRMED.