IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31271
Summary Calendar
_____

VICTOR VALDEZ,

                                        Plaintiff-Appellant,

versus

CORRECTIONS CORP. OF AMERICA; WINN
CORRECTIONAL CENTER, Administration/
Security; MICKEY HUBERT; KATHY COLE;
JAIME BARRERO; LEO DAVIS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-1680
--------------------
June 5, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Victor Valdez, Louisiana prisoner # 313987, appeals the summary judgment in favor of the defendants in his civil rights action filed and adjudicated pursuant to 42 U.S.C. § 1983. Because Valdez did not object to the magistrate judge's report in the district court, appellate review is for plain error. Douglass v. United Serv. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court did not commit plain error in granting summary judgment in favor of the defendants. Valdez's assertions against Dr. Jaime Borrero are that the doctor failed to comply with the orders and diagnoses made by a doctor who had treated Valdez at Louisiana State University Medical Center. These contentions would at most constitute a claim of medical malpractice, which is insufficient to state a claim under 42 U.S.C. § 1983. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

On appeal, Valdez contends that Kathy Cole was Borrero's supervisor in the infirmary. A defendant cannot be held liable under 42 U.S.C. § 1983 on a theory of vicarious liability. See Becerra v. Asher, 105 F.3d 1042, 1045 (5th Cir. 1997). Although Valdez asserted in the district court that Cole's actual treatment of him resulted in deliberate indifference, he has failed to renew those assertions on appeal and those claims are deemed abandoned. Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994). For the first time in his reply brief, Valdez asserts that Cole ordered another doctor to examine Valdez and return him to active duty. Issues raised for the first time in a reply brief will not be reviewed on appeal. See United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989).

Valdez contends that the field line supervisor, Officer LeBaron, forced the inmates to work too closely together and failed to provide them with safety equipment. The district court dismissed without prejudice Valdez's claims against LeBaron and against Leo Davis, the inmate who injured Valdez, because they were not properly served. Valdez does not challenge these

dismissals on appeal, and this court "will not raise and discuss legal issues that [Valdez] has failed to assert." Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Valdez maintains that because warden Mickey Hubert supervised the other defendants, he should be held liable for the violations of his civil rights. Supervisory liability is not cognizable in 42 U.S.C. § 1983. Becerra, 105 F.3d at 1045. Valdez has failed to allege a policy or practice of the Corrections Corporation of America, enacted by Hubert as a policymaker, that is unconstitutional. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)(municipal corporation liability); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)(same). Because Valdez has failed to show plain error, the district court's grant of summary judgment is AFFIRMED.

Valdez has filed a motion for leave to file supplemental pleadings and a supplemental brief. Review of this document reveals that it is in fact a reply brief. Therefore, Valdez's motion for leave to file a supplemental pleading is DENIED AS UNNECESSARY, and his reply brief is FILED.

AFFIRMED; MOTION DENIED AS UNNECESSARY; REPLY BRIEF FILED.