**FINA, INC. and Fina Oil and Chemical Company, Plaintiffs,**

v.

**THE TRAVELERS INDEMNITY COMPANY, et al., Defendants.**

**No. CIV.A. 3:96–CV–1689R.**

United States District Court, N.D. Texas, Dallas Division.

Jan. 30, 2002.

Terence Michael Murphy, James P. Karen, Jones Day Reavis & Pogue, Dallas, TX, J.W. Montgomery, III, Jones Day Reavis & Pogue, Pittsburgh, PA, for plaintiffs.

Jerry L. Beane, Strasburger & Price, Dallas, TX, for Travelers Indem. Co., defendant.

Shelley Rogers, Sheehy Serpe & Ware, Houston, TX, for Unigard Mut. Ins. Co., defendant.

George L. Lankford, Fanning Harper & Martinson, Dallas, TX, for Continental Ins. Co., defendant.

### ORDER

BUCHMEYER, District Judge.

After making an independent review of the pleadings, files and records in this case, and the Findings, Conclusions, and Recommendation of the United States Magistrate Judge on **Fina, Inc. and Fina Oil and Chemical Company's Motion for Partial Summary Judgment,** I am of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are adopted as the Findings and Conclusions of the Court. The Court hereby declares that the underlying asbestos-related claims constitute multiple occurrences under the Travelers Policy.

### FINDINGS, CONCLUSIONS AND REC-OMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

BOYLE, United States Magistrate Judge.

Pursuant to the District Court's Order of Reference, filed October 26, 2001, the **Joint Submission on Fina, Inc. and Fina Oil and Chemical Company's (collectively, "Fina") Motion for Partial Summary Judgment,** filed October 23, 2001, has been referred to this Court for recommendation. Having reviewed the motion, the response,[1] the reply and all evidence submitted therewith, the Court recommends that Fina's motion for partial summary judgment be GRANTED for the reasons that follow.

### I. Background[2]

Fina seeks declaratory relief regarding the obligations of its primary and excess insurance carriers during the period of January 1, 1973 through January 1, 1976, in connection with claims filed by persons who were allegedly injured as the result of exposure to asbestos while working at three Fina facilities. Travelers, the primary insurer, issued a three-year comprehensive general liability policy to Fina for that period, which had a $300,000 per occurrence limit (the "Policy" or "Travelers Policy"). During the same period, Defendants Unigard Mutual Insurance Company ("Unigard") and Continental Insurance Company ("Continental") provided Fina with excess coverage.[3]

In 1987, Fina began receiving notice of suits filed against it by workers who were allegedly exposed to asbestos at Fina facilities (the "claimants"). Fina provided notice of the asbestos-related claims to Travelers, which began defending Fina in accordance with the terms of the Policy. On April 12, 1994, however, Travelers informed Fina that because Travelers had paid $330,708 on Fina's behalf in settle-

---

1. The Travelers Indemnity Company and The Charter Oak Fire Insurance Company (collectively, "Travelers") filed a joint response in opposition to the motion for partial summary judgment.

2. These background facts are taken from the parties' summary judgment pleadings. Un-

less characterized as a contention by one of the parties, these facts are undisputed.

3. The Unigard policy was effective from January 1, 1973 through January 21, 1975. The Continental policy was effective from January 21, 1975 through January 1, 1978.

ment of a certain asbestos-related suit, the liability limits under the Policy had been exhausted and Travelers would cease paying defense costs on June 12, 1994. Travelers explained that "[e]xposure to asbestos at any Fina premises constitute[d] a single occurrence" and, therefore, payment of the settlement exhausted the $300,000 "per occurrence" liability limit contained in the Policy. Thereafter, Fina tendered its outstanding asbestos-related claims to Unigard and Continental for excess coverage.[4] Both insurers denied coverage on the basis that the Travelers Policy limits had not been exhausted because the asbestos exposure underlying the claims constituted "multiple occurrences," and not a "single occurrence." Due to the inconsistent positions taken by Fina's primary and excess insurers, Fina filed this action and now seeks a declaration that the asbestos-related claims brought against it constitute multiple occurrences under the Travelers Policy.[5]

## II. Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that, as a matter of law, the movant is entitled to judgment. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Only disputes about material facts

will preclude the granting of summary judgment. *Id.*

Cases involving the interpretation of an insurance policy are particularly appropriate for summary disposition. *Principal Health Care of Louisiana v. Lewer Agency, Inc.,* 38 F.3d 240, 242 (5th Cir.1994); *SnyderGeneral Corp. v. Great Am. Ins. Co.,* 928 F.Supp. 674, 677 (N.D.Tex.1996). The burden is on the insured to show that a claim against it is potentially within the scope of coverage under the policy. *Federated Mut. Ins. Co. v. Grapevine Excavation, Inc.,* 197 F.3d 720, 723 (5th Cir.1999) (citing *Guaranty Nat'l Ins. Co. v. Vic Mfg. Co.,* 143 F.3d 192, 193 (5th Cir.1998)). The burden then shifts to the insurer to prove that one or more of the policy's exclusions apply. *Id.* (citing *Guaranty Nat'l,* 143 F.3d at 193). If the insurer proves that an exclusion applies, the burden shifts back to the insured to show that the claim falls within an exception to the exclusion. *Id.* (citing *Guaranty Nat'l,* 143 F.3d at 193). Because the current dispute centers solely on the scope of coverage of the Travelers Policy (i.e., whether the asbestos-related claims constitute multiple "occurrences" under the Travelers Policy), and does not implicate an affirmative defense or Policy exclusion, the burden is on Fina.[6]

## III. Analysis

The interpretation of the term "occurrence" as used in an insurance contract is a question of law for the court to decide. *Ran–Nan Inc. v. General Acci-*

---

4. At or around the time this lawsuit was filed, there were 49 asbestos lawsuits for which Fina sought coverage. (App. at 109–15.)

5. Defendant Unigard joins in Fina's motion to the extent it seeks a declaration that the asbestos claims brought against Fina constitute multiple occurrences under the Travelers Policy.

6. Contrary to Fina's assertion, exhaustion is not an affirmative defense or policy exception to the duty to defend. Rather, it is a *condition* on the duty to defend which limits the duty to the time before the policy limits are exhausted. *See St. Paul Ins. Co. v. Texas Dep't of Transp.,* No. 03–01–00192–CV, 2001 WL 1627658, at *2 (Tex.App.-Austin Dec.20, 2001, no pet. h.).

*dent Ins. Co.*, 252 F.3d 738, 739 (5th Cir. 2001) (per curiam) (citing *Rutgers State Univ. v. Martin Woodlands Gas Co.*, 974 F.2d 659, 661 (5th Cir.1992)). In Texas,[7] insurance contracts are subject to the same rules of construction as other contracts. *Id.* (citing *Upshaw v. Trinity Cos.*, 842 S.W.2d 631, 633 (Tex.1992)). While "occurrence" has often been construed in general liability policies, there are no Texas cases interpreting the term in connection with asbestos-related claims.

The Travelers Policy states that an "occurrence" is "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." (App. at 10.) The Policy further states that, "[f]or the purpose of determining the limit of the [insurer's] liability, all bodily injury and property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence" (hereinafter, the "continuous exposure clause"). (*Id.* at 13.)

The parties do not dispute that the underlying asbestos-related claims fall within the definition of "occurrence" under the Policy. Rather, they dispute *the underlying cause* of such claims, which is determinative of the number of occurrences. Thus, the parties also dispute the number of occurrences.

■ To determine the number of occurrences under an insurance policy, Texas courts examine "the events that cause the injuries and give rise to the insured's liability, rather than on the number of injurious effects." *H.E. Butt Grocery Co. v. National Union Fire Ins. Co.*, 150 F.3d 526, 530 (5th Cir.1998) (citing *Maurice Pincoffs Co. v. St. Paul Fire & Marine Ins. Co.*, 447 F.2d 204, 206 (5th Cir.1971));

*see Ran–Nan*, 252 F.3d at 740 ("The few Texas cases that have addressed this issue apply a 'cause' analysis in determining whether a set of facts involves one or [more] occurrences.") (citing *H.E. Butt*, 150 F.3d at 530). If all of the injuries stem from one, continuous cause, then there is only one occurrence. Similarly, if the injuries stem from multiple causes, then there are multiple occurrences.

In the present case, Travelers argues that all of the claimants' injuries stem from the same cause—Fina's failure to protect its workers from exposure to asbestos. According to Travelers, Fina's failure to protect was "substantially [the] same general condition" to which all claimants were continuously "exposed." Thus, Travelers argues that the Policy's continuous exposure clause requires a finding that there was only one occurrence.

Fina contends that each claimant's injuries were caused by exposure to asbestos. Because the claimants' injuries arose from exposure to asbestos at several facilities, at different times and for varying lengths of time, Fina argues that the claimants were not exposed "to substantially the same general conditions," and that the continuous exposure clause is inapplicable. Because there is not one unifying or continuing cause, Fina argues that each claimant's exposure to asbestos constitutes a separate occurrence.

■ The Court finds that the claimants' alleged injuries were caused by exposure to asbestos. Travelers' argument that Fina's "failure to protect" was the sole cause and occurrence is unpersuasive. Under the Policy, an occurrence is defined as an "accident." An accident is typically defined as an event that takes place unexpectedly and without design. *See, e.g.*, BLACK'S LAW DICTIONARY 15 (6th

---

**7.** The parties agree that Texas law governs this dispute.

ed.1990). The Court fails to see how a "failure to protect" constitutes an "event" that occurred "unexpectedly." A failure to protect implies that Fina knew of the dangers of asbestos, but chose to do nothing, which is more akin to a conscious decision than an accident. Likewise, it is difficult to accept the contention that a failure to protect was a "condition" to which all claimants were repeatedly or continuously "exposed." Such an interpretation places considerable strain on the plain and ordinary meaning of the terms "condition" and "exposure." *See Metropolitan Life Ins. Co. v. Aetna Cas. & Surety Co.,* 255 Conn. 295, 765 A.2d 891, 898–900 (2001) (rejecting contention that a negligent failure to warn was cause of asbestos-related injuries; finding that exposure to asbestos was cause). Finally, it is clear that, absent exposure to asbestos, there would have been no injuries and, thus, no basis for a suit against Fina.[8] *See also Commercial Union Ins. Co. v. Roberts,* 7 F.3d 86, 89–90 (5th Cir.1993) (applying Texas law) (finding that negligent failure to obtain treatment for pedophilia condition was not cause of injury; rather, acts of molestation were cause of injury, triggering liability). Accordingly, the Court finds that the "oc-currence" in this case was exposure to asbestos.

■ Having determined that the cause of the claimants' injuries was exposure to asbestos, the Court must next decide whether each claimant's exposure to asbestos constitutes a separate occurrence, as Fina contends. The Court finds that it does not. Fina's contention conflicts with the Policy's continuous exposure clause. Under the clause, "all bodily injury ... arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence." Here, the Court finds that claimants who were exposed to asbestos at the same location, at roughly the same time, were exposed to "substantially the same general condition."[9] *See Metropolitan Life,* 765 A.2d at 898, 899 n. 18 (citing *Champion Int'l Corp. v. Continental Cas. Co.,* 546 F.2d 502, 508 (2d Cir. 1976) (Newman, J., dissenting)). Accordingly, such claims should be considered one "occurrence." While the Court cannot determine the precise number of occurrences due to the lack of evidence regarding each claimant's exposure,[10] the Court finds that there were *at least* three occur-

---

8. Moreover, Travelers' own evidence shows that exposure to asbestos was the liability-triggering event. Travelers has submitted a chart of the underlying asbestos cases which lists the "cause" of each claimant's injuries. In each case, the "cause" of injury is described as "[e]xposure to asbestos and products containing asbestos." (App. at 109–115.)

9. The Court finds that this interpretation of the continuous exposure clause is consistent with its purpose. In *Metropolitan Life Ins. Co. v. Aetna Cas. & Surety Co.,* 255 Conn. 295, 765 A.2d 891, 900 (2001), the Connecticut Supreme Court explained that the purpose of a continuous exposure clause is to broaden coverage by including losses from a continuing operation as well as a sudden event:

[T]he purpose ... is to combine claims that occur "when people or property are physi-cally exposed to some injurious phenomenon such as heat, moisture, or radiation ... [at] one location." "The clause simply broadens ... 'occurrence' beyond the word 'accident' to include a situation where damage occurs (continuously or repeatedly) over a period of time, *rather than instantly,* as the word 'accident' usually connotes." *Metropolitan Life,* 765 A.2d at 900 (quoting *Champion Int'l Corp. v. Continental Cas. Co.,* 546 F.2d 502, 508 (2d Cir.1976) (Newman, J., dissenting)) (emphasis added). The continuous exposure clause prevents a finding of multiple occurrences where there is *only one cause of injury* that affects multiple people over a period of time.

10. Fina only offers evidence regarding the asbestos exposure of three workers.

rences—one at each Fina facility. However, even if such evidence were before the Court, a determination of which claimants were exposed to "substantially the same conditions" will likely involve a question of fact, not suitable for summary determination.

## IV. Conclusion

For the foregoing reasons, the Court **recommends** that Fina's motion for partial summary judgment be **GRANTED** and that the District Court declare that the underlying asbestos-related claims constitute multiple occurrences under the Travelers Policy.

## *INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT*

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them by Certified Mail, Return Receipt Requested. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court, except on grounds of plain error.

*Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).