IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60203
Summary Calendar
_____

BRENDA J. HAYGOOD,

      Plaintiff-Appellant,

versus

F. WHITTEN PETERS, SECRETARY, DEPARTMENT OF THE AIR FORCE,

      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:00-CV-299-GU
_____

October 16, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant Brenda Haygood appeals the district court's grant of Appellee's motion for summary judgment on her employment discrimination claims, on the basis that, *inter alia*, the district court incorrectly concluded that her poor performance evaluation was not an actionable employment decision. Since 1975, Haygood, an African-American, has been employed by the Air Force as a GS-05

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Supply Technician.  The employment action complained of is a "fully successful" evaluation given her by her supervisor for the twelve-month period ended March 31, 1998.  Appellant asserts that two white employees, Drish and Frederick, received "excellent" ratings for the same period, even though "they performed less work and inferior work in terms of its quality."  She alleges that the poor rating was due either to racial animus or in retaliation for an EEO complaint she had filed based on a "fully successful" rating she had received for the period ended March 31, 1997.

The district court found her poor performance evaluation did not constitute an "ultimate employment action."[1]   We find no fault in the district court's conclusion. Appellant acknowledges that we have excluded poor performance evaluations from the purview of actionable adverse employment decisions,[2] but urges that her evaluation did constitute an ultimate employment action because it affected her bonus compensation.[3]  In response to the motion for

_____

[1] *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 707 (5th Cir. 1997) ("'Ultimate employment decisions' include acts 'such as hiring, granting leave, discharging, promoting, and compensating.'").

[2] *Id.* at 708.

[3] We have previously held that denial of a pay increase is an "ultimate employment action." *Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 194 (5th Cir. 2001).

summary judgment, Appellant provided testimony that, in her experience, all employees rated "excellent" receive a 1% bonus, while no employees rated "fully successful" are eligible for such compensation.  However, the district court concluded this to be incompetent summary judgment evidence supported only by Appellant's conclusory assertions[4] and contradicted by the Air Force policy manual, which specifically provides that an employee's rating is not determinative of such awards.  The written policy states that an "award recognizing high levels of performance may be recommended at the end of the appraisal period in conjunction with the annual performance rating .... Awards are not given automatically. Justification for an award is submitted in AF Form 860A, Part C .... The justification will address accomplishments in the employee's position."  Thus, the district court found that, although the policy manual reveals that performance ratings are taken into account when determining distribution of merit-based bonuses, it does not explicitly tie the compensation to an "excellent" performance rating.

As we have explained, a  poor performance evaluation, reprimand, or other such action that has a "mere tangential effect on a possible future ultimate employment decision" is not

---

[4] "[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden." *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996).

3

actionable.[5]  Here, Appellant's poor performance evaluation, according to Air Force policy, could have had at most a tangential effect on possible bonus compensation.  Therefore, the district court correctly held that the performance review did not constitute a legally cognizable adverse employment action.[6]

AFFIRMED.

---

[5] *Mattern*, 104 F.3d at 708.

[6] Appellant also suggests that she was denied a promotion on the basis of her "fully successful" review.  However, she cites to no evidence supporting this allegation other than the fact that, at the time she applied for the promotion in June 1998, her most recent performance evaluation rated her "fully successful."