IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60269
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSHUA JASON KEEN,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
No. 3:00-CR-120-ALL-WS
--------------------

March 6, 2003

ON PETITION FOR REHEARING

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]


     IT IS ORDERED that the petition for rehearing is GRANTED.  The

prior opinion, issued November 26, 2002, is WITHDRAWN, and the

judgment is AFFIRMED IN PART and REVERSED AND REMANDED IN PART for

factfinding on the career offender enhancement.

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Joshua Keen pleaded guilty of one count of cocaine distribution in violation of 21 U.S.C. § 841(a)(1).  He appeals his 151-month sentence on the ground that the district court erred in imposing a career offender enhancement pursuant to U.S.S.G. § 4B1.1.

In his petition for rehearing, Keen argues that his 1997 conviction in Rankin County, Mississippi, for cocaine possession should not be counted as a "controlled substance offense" for purposes of the career offender enhancement.  He maintains that that conviction was for simple possession, which is not a "controlled substance offense" under the relevant sentencing guidelines. See U.S.S.G. § 4B1.2(b).  Keen also contends that in addition to this conviction, his 1995 state conviction and 1996 federal convictions of possession with intent to distribute controlled substances were part of the same transaction as the 1997 Rankin County conviction.

Because Keen never raised the specific objection that the 1997 Rankin County conviction was not eligible for computation as a controlled substance offense in the district court, we review for plain error.  See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc).  Moreover, we will not consider arguments raised for the first time in a reply brief.  Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).  Nevertheless, because (1) the record is undeveloped as to whether these convictions constitute one transaction under the relevant guideline, (2) the 1997 conviction for "possession" has not been definitively shown to

be simple possession, and (3) the government acknowledges an insufficient factual basis, the judgment is REVERSED AND REMANDED IN PART for factfinding on the career offender enhancement.

To the extent Keen argues that his indictment was defective under Apprendi v. New Jersey, 530 U.S. 466 (2000), because it did not allege his prior convictions, his argument is without merit. See id. at 480 (stating that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). Accordingly, the judgment is AFFIRMED IN PART.

PETITION FOR REHEARING GRANTED; OPINION WITHDRAWN; JUDGMENT AFFIRMED IN PART, REVERSED AND REMANDED IN PART FOR FACTFINDING.