United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 15, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-50942
Summary Calendar

———————————————

SYSTEM FORWARD AMERICA, INC.,

Plaintiff-Appellee,

versus

ADAM C. MARTINEZ, doing business as Pop-A-Car-Open,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:03-CV-798
--------------------

Before GARZA, DeMOSS, AND CLEMENT, Circuit Judges.

PER CURIAM:[*]

   System Forward America, Inc. ("SFA") owns the service marks

Pop-A-Lock® and Pop-A-Lock A Car Door Unlocking Service and

design®.  SFA filed suit against Adam C. Martinez alleging

trademark infringement, dilution, and unfair competition arising

out of Martinez' use of the name Pop-A-Car-Open.  Adopting the

report and recommendation of a magistrate judge, the district

court granted summary judgment in favor of SFA and granted

injunctive and monetary relief.  Martinez now appeals.

---

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Martinez' objection to the magistrate judge's report was limited to the amount of profits awarded, we review his challenge to the finding of trademark infringement and to the injunctive relief for plain error.  See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).  We find no plain error in the conclusion that SFA owned protectible marks and used them prior to Martinez' use of his mark and that there is likelihood of confusion.  See Union Nat'l Bank of Texas, Laredo v. Union Nat'l Bank of Texas, Austin, 909 F.2d 839, 844 (5th Cir. 1990); Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Improvement Corp., 53 S.W.3d 799, 806 (Tex. App. 2001). For essentially the same reasons, we conclude that the district court's finding of trademark dilution was not plain error.

With respect to the injunctive relief, the order enjoining the use of the name Pop-A-Car-Open and requiring destruction of materials bearing the Pop-A-Car-Open name are well within the scope of injunctive relief allowed.  See 15 U.S.C. §§ 1116, 1118; TEX. BUS. & COMM. CODE § 16.26(c).  As to cancellation of telephone numbers for Pop-A-Car-Open, we find no obvious error in light of existing law.  The district court did not commit plain error in its order of injunctive relief.

Finally, Martinez contends that the district court erred in awarding $29,816 in profits to SFA.  Martinez bore the burden of proving that his infringement did not result in his financial benefit.  See Mishakawa Rubber & Woolen Mfg. Co. v. S.S. Kresge

Co., 316 U.S. 203, 207 (1942). Martinez' conclusory allegations that he cannot isolate the profits associated with Pop-A-Car-Open from those of his other business is insufficient to defeat summary judgment. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).

For the foregoing reasons, the judgment of the district court is AFFIRMED.