United States Court of Appeals
Fifth Circuit

**F I L E D**

July 14, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-41791
_____

AUDREY NEWSOME,

Plaintiff - Appellant,

v.

COLLIN COUNTY COMMUNITY COLLEGE DISTRICT,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CV-00265

_____

Before JOLLY, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Audrey Newsome appeals from the district court's grant of judgment as a matter of law in favor of Defendant-Appellee Collin County Community College District ("CCCCD") on her claim of Title VII retaliation. Because Newsome fails to introduce legally sufficient evidence rebutting CCCCD's reasons for terminating her as pretextual, we AFFIRM the district court's order.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

CCCCD hired Newsome on November 28, 1988 as a counselor/advisor for its grant program. In 1993, Norma Johnson became Newsome's supervisor when Newsome transferred to the Academic Advising department. In February 2000, Newsome complained to McRae about the sexual harassment she endured by Johnson's husband. She never filed a formal sexual harassment complaint with the college. McRae advised Johnson of Newsome's complaints, who in turn spoke with her husband. Newsome did not have any further interaction with Johnson's husband.

In May 2000, Johnson recommended Newsome to be promoted to Assistant Director of Academic Advising, which included increased job responsibilities and a five percent pay raise. Newsome accepted the promotion. Newsome contends that prior to February 2000 she had received no disciplinary action from Johnson or the university,[1] and that it was not until she had complained in February 2000 of sexual harassment that Johnson began to write her up. Beginning in October 2000, Johnson wrote up Newsome five times. Johnson issued Newsome her first written warning for failure to communicate with her supervisor, Johnson, in seeking pre-approval for professional leave and travel. Newsome received further written warnings from Johnson in April 2001, August 2002,

---

[1] CCCCD states that Newsome's supervisor in 1993, Juanita Austin, recommended that Newsome be terminated because of communication problems. Johnson became Newsome's supervisor in 1993.

November 2002, and December 2002, relating to job performance. The written warnings describe several instances in which Newsome failed to communicate with Johnson and others, including students whom she was advising. The transcript of a February 2004 meeting with Newsome, her lawyer, McRae, Johnson, and two members of the human resources department revealed Newsome to be insubordinate and defiant, evidencing little, if any, intent to communicate effectively with Johnson in the future. CCCCD terminated Newsome in April 2004.

Newsome filed her original complaint on July 21, 2004. The district court granted CCCCD's motion for summary judgment as to all of Newsome's claims except for Title VII retaliation. Trial commenced on September 6, 2005. On September 8, 2005, CCCCD moved for judgment as a matter of law at the conclusion of Newsome's evidence. On September 9, 2005, the district court granted the judgment as a matter of law in favor of CCCCD. It stated the reason for the directed verdict was that Newsome had not presented any legally sufficient evidence of pretext other than "suspicious timing" which, by itself, cannot support an inference of pretext. Newsome timely appealed.

II

We review de novo a district court's ruling on a motion for judgment as a matter of law, applying the same test as did the

3

district court. Conkling v. Turner, 18 F.3d 1285, 1300 (5th Cir. 1994). Under Federal Rule of Civil Procedure 50(a), a judgment as a matter of law is appropriate after the plaintiff rests when "there is no legally sufficient evidentiary basis for a reasonable jury to find for [the plaintiff] on that issue." FED. R. CIV. P. 50(a)(1). When considering the entire trial record, we "draw[] all reasonable inferences and resolv[e] all credibility determinations in the light most favorable to the non-moving party." Dresser-Rand Co. v. Virtual Automation Inc., 361 F.3d 831, 838 (5th Cir. 2004). "The 'decision to grant a directed verdict . . . is not a matter of discretion, but a conclusion of law based upon a finding that there is insufficient evidence to create a fact question for the jury." Conkling, 18 F.3d at 1300-01 (citing In re Letterman Bros. Energy Sec. Litig., 799 F.2d 967, 972 (5th Cir. 1986)). "A court should grant a Rule 50(a) motion not only when the non-movant presents no evidence, but also when there is not a sufficient 'conflict in substantial evidence to create a jury question.'" Travis v. Bd. of Regents of the Univ. of Tex. Sys., 122 F.3d 259, 263 (5th Cir. 1997)(citing Foreman v. Bancock & Wilcox Co., 117 F.3d 800, 804 (5th Cir. 1997)). To be substantial, evidence must be "of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions" regarding the case's outcome. Boeing Co. v. Shipman, 411 F.2d 365, 374 (5th Cir. 1969). Conclusory allegations, speculation,

4

and unsubstantiated assertions are inadequate to satisfy Newsome's burden. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002) (citing Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996)).

Newsome's retaliation claim hinges on the timing of Johnson's written warnings to her, and her subsequent termination. She maintains that previous to her report of sexual harassment, she received no disciplinary action from CCCCD for a period of twelve years. The evidence shows that Johnson promoted Newsome after she reported sexual harassment. Newsome first received written warnings eight months after she reported sexual harassment. After having received five written warnings over a period of approximately four years, CCCCD terminated Newsome. "[W]here there is close timing between an employee's protected activity and an adverse employment action, the employer must offer a legitimate, nondiscriminatory reason that explains both the adverse action and the timing." Shackleford v. Deloitte & Touche, LLP, 190 F.3d 398, 408 (5th Cir. 1999) (internal citations omitted). CCCCD argues that the warnings were a result of Newsome's promotion to Assistant Director of Academic Advising. In that position, communication and cooperation with Johnson, the Director of Academic Advising, were essential. Each of these warnings included language to the effect that if Newsome continued to fail to comply with her performance expectations, she would be subject to further disciplinary action, including

5

the possibility of termination of employment.  CCCCD terminated Newsome after the February 2004 meeting where Newsome indicated she would not communicate with Johnson in the future.

Because CCCCD introduced evidence which, if true, would permit the conclusion that Newsome's firing was non-retaliatory, we turn our attention to the ultimate question whether there is sufficient evidence to support Newsome's claim that CCCCD unlawfully retaliated against Newsome.  Id.  "The ultimate determination in an unlawful retaliation case is whether the conduct protected by Title VII was a 'but for' cause of the adverse employment decision."  Id. (citing McDaniel v. Temple Indep. Sch. Dist., 770 F.2d 1340, 1346 (5th Cir. 1985).  Even if retaliation was a motivating factor in Newsome's termination, "no liability for unlawful retaliation arises if the employee would have been terminated even in the absence of the protected conduct."  Long, 88 F.3d at 305 n.4.  See also Laxton v. Gap, Inc., 333 F.3d 572, 579 (5th Cir. 2003) ("[T]o survive [defendant's] motion for judgment as a matter of law, [the plaintiff] must produce evidence permitting the jury to disbelieve that [CCCCD's] proferred reason was its true motivation.")

Newsome reiterates the following evidence to rebut CCCCD's claim that she was fired because of her poor communication skills: (1) she had a discipline-free record with CCCCD prior to her notifying McRae of having been sexually harassed by Johnson's

6

then-husband.; (2) the aforementioned temporal connection between her complaint of sexual harassment to McRae and the first of a series of written warnings to Newsome by Johnson; and (3) the testimony of several of her colleagues admitting that Newsome had complained of sexual harassment in February 2000.

Significantly, Newsome did not introduce evidence to rebut any of the incidents for which she received a written warning. Newsome fails to introduce a source of doubt that, in combination with her evidence of suspicious timing, would create a jury question. See Shackleford, 190 F.3d at 409. Newsome's evidence does not support a finding that her complaints of sexual harassment were the but-for cause of her firing.

We find that the evidence in the record, when viewed in its totality and in the light most favorable to Newsome, does not create a sufficient conflict in substantial evidence to create a jury question. AFFIRMED.