NO. 01-14-00760-CR

IN THE

COURT OF APPEALS

FOR THE

FIRST DISTRICT OF TEXAS

AT HOUSTON

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

JAN - 5 2015

CHRISTOPHER A. PRINE
CLERK

---

ISMAEL AGUILAR ALARCON
Appellant

V.

THE STATE OF TEXAS
Appellee

---

APPEAL IN CAUSE NO. 1225411
IN THE 185TH DISTRICT COURT OF
HARRIS COUNTY, TEXAS.

---

IN REPLY TO APPELLANT'S BRIEF

---

JAILHOUSE LAWYER
AND
SENTINEL OF HUMAN
RIGHTS
REYNALDO FLORES
NO. 1912036
ON BEHALF OF: ISMAEL
AGUIALAR ALARCON
NO. 1930811
610 FM 624, COTULLA TX
78014

ORAL ARGUMENT REQUESTED

# STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Tex. R. App. P. 75, Appellant ISMAEL AGUILAR ALARCON, and the Jailhouse Lawyer, REYNALDO FLORES, request to this Honorable Court to abate this Appeal, granting a Spears[1] hearing, to address the undeniable entrapment and flagrant conspiracy ~ cahoot between the State and both trial and appellate counsels; to insure the Appellant and his family, through a well premeditated draconian double jeopardy conviction, obtained by any mean of violator and customary infested jury trials, or false evidences, bribed witnesses, and pre-selected jurors. In addition to the Appellant's due process of law, secured by the 5th & 14th Amendments. The record in this case, clearly demonstrate the lack of any pre-indictment hearing, furthermore the absence of any pre-trial motion hearing or cross examination of the alleged victim, secured by the confrontation ~ mitigating clauses of the 6th Amendment. Mr. FLORES, as pro-se litigant, in his ability to represent himself and withhold material exculpatory evidence, exposed his prosecutor and trial counsel in 2012 CR 1969 in Bexar Cntr, Texas; in a fabricated indictment of aggravated kidnapping and duplicity charge of sexual assault, which resulted in acquittal, once Mr. FLORES entrapped in their own devise both state and trial counsels. therefore pursuant to Tex. R. App. P. 44.2, Mr. FLORES, identified 5 reversible constitutional errors, on Appellant's behalf that need to be litigated and argued on this current Appeal.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); See also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) [stating that testimony given at a Spears hearing is incorporated into the pleadings.]

# IDENTIFICATION OF THE PARTIES.

Pursuant to TEX. R. APP. P. 74(a), a complete list of the names of all interested parties is provided below so this Honorable Court of Appeals' Justices may consider the Customary Cahoot-Conspiracy against Appellant's rights and abate this appeal until the Jailhouse Lawyer files a real ANDER'S BRIEF, on Plaintiff's Appellant's behalf pursuant to Rule 38 TEX. R. APP. P. and then, in the interest of the Justice not in the interest of the State or particular interest render the proper MANDATE OPINION. See FLORES V. BEXAR CNTY. D.A., S.A.P.D. U.S.D.C. NO. 5:13-CV-25; FLORES V. FOURTH COURT OF APPEALS JUSTICES U.S.D.C. NO. 2:14-CV-283. FLORES V. WILLIAM STEPHENS U.S.D.C. NO. 5:14-CV-166

Counsel's For State:

TANISHA MANNING
SARAH BRUCHMILLER
BRENT MARSHALL WASSERSTEIN
DAVID L. GARZA

Appellant/Victim of Aggravated Kidnapping and Terrorism within U.S.

ISMAEL AGUILAR ALARCON [2]

J.H. Lawyer and PRO-SE Litigant

REYNALDO FLORES [3]

Trial Judge

SUSAN BROWN

[2] Appellant faced his trial without defense counsel, and is in jeopardy to affirm his conviction due to the deficient performance of the appointed Appellate Counsel David L. GARZA

[3] Mr. Flores, is a Pro-se Litigant on Appeal and is filing civil and criminal charges against his Prosecutor, S.A.P.D. Officers S.A. Parole Board and 30 defendants for fraud, Human Trafficking ET.AL.

## STATEMENT OF FACTS.

. The Jailhouse Lawyer "REYNALDO FLORES," since 1993 is an entrepreneur, philanthropist, Sentinel of Human Rights and Jurisdictional Citizen of the United States; after read, evaluate the available evidences, statements and deficient ANSWER'S BRIEF, has determined that this current Appeal is just one of thousand of Conspiratorial draconian Convictions, targeting our humble Immigrant community, with fabricated charges of Sexual Assault based on mere hearsay and fabricated victims and false witnesses so coerced to testify in exchange to regulate their immigration status, which Constitutes a gross violation to several sections of 18 U.S.C., as Mr. FLORES proved it, in a malicious Jury Trial in 2012 CR 1969, in which his wife, after embezzling his assets in Cahoot with the Sex offender and S.A.P.D Detective R. VARA; fabricated charges of Aggravated Kidnapping and duplicity charge of sexual Assault; that Mr. FLORES, without any doubt, demonstrated before an ignorant-preselected Jury Trial; the well known MODUS OPERANDI, of the Texas Judicial system to obtain draconian convictions in order to deceit our Tax-payers and International Financial system by rendering as Guarantee Said convictions-indictments, to financing said criminal operations. This deceitful practice being addressed in International Courts and Federal Courts See Exhibits A, B and C. See also U.S. Appeal No. 14-50061 and Exhibits D and E.

However in order to protect Mr. Alarcon's Rights, and avoid more Scandals, this Honorable Court should abate this Appeal and order a Foretta hearing, to address the falsity of this Conspiratorial Conviction and pursuant the holding in Johnson V. Avery, 393 U.S. 483, 490 n.11 (1969) allow MR. FLORES to file an ANDER'S BRIEF, representing the interest of MR. ALARCON and his orphan children who are crying for Justice. pursuant to TEX. APP. P. 20 this Court should GRANT a Courtesy Copy of both Clerk's Record and Reporter's Record to make the proper Cross Citations to the record.

# STANDING

Pursuant to TEX-R-APP. Proc. 44.2 Mr. FLORES; Contend the Following reversible Constitutional errors:

## FIRST GROUND

Violation of Appellant's 4th and 5th Amendments through the unreasonable Search and Seizure & lack of Probable Cause or reasonable Suspicion. The Fabricated charges and police report are the result of retaliation and revenge of the Appellant's ex-wife Ms. VERONICA E. ROMERO. Who after Mr. ALARCON, decided to establish his own Family and biological children, his ex-wife threatened him to file this false charges if the appellant would not come back with her. The detective in Charge with evil intent and deliberate indifference for the appellant's rights tampered the statements and taking advantage of the immigration status of the alleged victim coerced her to testify against the appellant. Ronald Wilson v. State, 227 S.W. 3d 446 (Tex App. San Antonio 2007); Groh v. Ramirez, 540, US. 551, 564-65 (2004) & Monroe v. Pape, 365 U.S. 167 (1961)

## SECOND GROUND

In absence of relief of the First ground; the Exclusionary Rule grants relief on evidence obtained in violation of the 4th, 5th, and 6th Amendments. However, the clerk's record Clearly Shows the absence of a motion to Suppress the false statements. Weeks v. U.S. 232 US. 383, 398 (1914). Illegal evidence gathered by State officers cannot be used against defendant. The Exclusionary Rue also applies in State Court to evidence obtained through a 4th Amendment violation. Mapp v. Ohio, 367 US 643, 654-655 (1961); Massiah v. U.S. 377 U.S. 201, 206-07 (1964). Statements should be excluded because they were deliberate elicited in violation of Mr. Alarcon's 6th Amendment right to Counsel. Mr. Alarcon faced his trial without defense counsel.

5

## THIRD GROUND.

The 6th Amendment guarantees the right to be represented by counsel. Furthermore to an effective assistance of counsel. Nothing in the record suggests that Mr. Alarcon, was represented by counsel, in fact the trial court appointed Mr. MARSHALL to secure the 20 years draconian conviction, with knowledge that the appellant is an illiterate-non bilingual Mexican immigrant, favorite victims of prosecutors, magistrates, appointed counsels, as Mr. FLORES, proved at an his malicious jury trial - on November 29th 2012.

Mr. ALARCON, had to afford the duress of an infested jury trial without defense counsel. Nothing in the record suggests or challenging the double jeopardy indictment or even a pre-trial Motion hearing. The failure to provide defense counsel must result, in the automatic reversal of said conviction. In both Strickland and Cronic Courts, decided the same day, the court identified several situations in which prejudice could be presumed from deficient performance, without an specific showing Id. At 659. n.25. The Cronic court noted that when the trial court process "loses its character between adversaries, the constitutional guarantee is violated" See Mickens v. Taylor, 535. U.S. 162, 166 (2002). Prejudice presumed when assistance of counsel "denied entirely" or during a critical stage of the proceeding.

Prejudice presumed when there are or has been an actual and constructive denial of the assistance of counsel altogether, when counsel is burdened by "an actual conflict of interest" Curler V. Sullivan, 446 U.S. 335, 349-50 (1980)

## FOURTH, FIFTH, SIXTH, SEVEN GROUND

Due process, double jeopardy clauses, cruel and unusual punishments, obstruction of justice among other grounds are just few or at least 20 grounds, that are giving rise to file civil - criminal prosecution against the responsible for the severe injuries inflicted to the appellant.

6

## Conclusion

For the aforementioned Grounds, Appellant and the Jailhouse lawyer Mr. Flores, believe, that enough meritorious legal arguments exist to support this Appeal and overturn this Unconstitutional, draconian Ex Post Facto and Double Jeopardy Conviction.

WHEREFORE, PREMISES CONSIDERED, Appellant and his Jailhouse lawyer, REYNALDO FLORES, in absence of an efficient Appellate Counsel representation, Grant Said motion to withdraw, filed by the deficient Appellate Counsel DAVID J. GARZA, and allow MR. FLORES, to file the proper Appellant's Brief, on Appellant's behalf as MR. FLORES, successfully challenged his Appeal No. 04-12-00815-CR, exposing also his draconian Double Jeopardy conviction in Bexar City TX, that should be overturned, regardless the customary trickery of Justices and defendants, in FLORES V. Four Court of Appeals Justices ETA, Supra, also pray to Grant a Courtesy copy of both Clerk's Record and Reporter's Record pursuant to TEX. R. APP. PROC. 20., in order to challenge this Appeal with the proper Cross-citations to the Record.

Respectfully Submitted

_Alarcon Ismael Aguilar_
ISMAEL AGUILAR ALARCON
APPELLANT, No 1908011
COTULLA UNIT
610 FM 624
COTULLA TX 78014

REYNALDO FLORES, No 1912636
J.H. LAWYER
COTULLA UNIT
610 FM 624
COTULLA TX 78014

7

# CERTIFICATE OF SERVICE

I, REYNALDO FLORES, Political Prisoner, and Jailhouse Lawyer currently kidnapped in T.D.C.J. in retaliation for the outcome of his Ftrial and philanthropical representation on behalf of several victims of the insanity and selfishness of a well organized terrorist judicial organization, certify that a true and correct copy of the foregoing Reply to Appellant's brief, (filed by the deficient appellate counsel) was transmitted to the Clerk of the Court of Appeals for the First District of Texas at Houston on this the 30 day of December 2014, on behalf of the humble Mexican Immigrant-Appellant ISMAEL AGUILAR ALARCON, via U.S. Postal Service First Class, pursuant to 28 U.S.C. § 1746.

_Alarcon Ismael Aguilar_
ISMAEL AGUILAR ALARCON
NO. 1950 866
COTULLA UNIT
610 FM 624
COTULLA TX 78014

REYNALDO FLORES.
NO. 1912036
J.H. LAWYER
COTULLA UNIT
610 FM 624
COTULLA TX. 78014

8

# CRIMINAL DOCKET SHEET

**2012-CR-1969  D290  03/01/2012**

STATE OF TEXAS VS.
FLORES, REYNALDO
AGGRAVATED KIDNAPPING

SCC: 701

### OFFENSE INFORMATION
REDUCED TO LESSER OFFENSE:
STATE PROCEEDS ON COUNT (s):
PARAGRAPH
ENHANCEMENT PARAGRAPH (s):

### ATTORNEYS   COURT REPORTER

STATE ATTORNEY _____

DEFENSE ATTORNEY _____

COURT REPORTER _____

COURT INTERPRETER _____

| DATE OF ENTRY | COURT ENTRIES |
|---|---|
| 11-26-12 | State Ready, Defense Ready - Jury Sworn |
| 11-27-12 | Indictment Read, Plea Not Guilty |
| | State's case in chief |
| 11-28-12 | State's case in chief continues - State |
| | Rests, Defense case in chief |
| 11-29-12 | Defense case - in - chief, Defense |
| | Closes, State's Rebuttal, State Closes |
| | Defense closes, Def's Mot for Dismissal |
| | Charge, Summations, Jury deliberates |
| | 12:06 |
| | Verdict - Ct I - Guilty of |
| | Lesser IO - Ct I Not Guilty |
| | Ct II Guilty |
| 12-3-12 | State's case on Punishment - Rest |
| | Def case on Punishment Rest |
| | Close / close - Charge - Argument |

### COURT ACTIVITY

JUDGE PRESIDING _____

___ NO RECOMMENDATION/NO PLEA BARGAIN
___ PLEA BARGAIN AGREEMENT
___ YRS MDS DYS (TDCJ - ID)(BDADC)(STATE JAIL)
$ ___ Fine $ ___ Restitution

___ Comm Supervision (Recommended)(Silent)(Opposed)
___ DYS MOS(BCADC)(STATE JAIL)(Cond of Supvsn)
___ HRS Community Service/ ___ DYS ELM
___ Def Adjudication (Recommended)(Silent)(Opposed)
___ Substance Abuse Treatment Facility
___ Cases to Run Concurrent/Consecutively
___ YRS MDS DYS (TDCJ - ID)(BCADC)(STATE JAIL)
$ ___ Fine $ ___ Restitution
___ Cases Taken into Consideration: ___ Other: ___

___ Non Binding Recommendations

### COURT RULING

___ YRS MOS DYS (TDCJ - (BCADC)(ST JAIL)
$ ___ Fine $ ___ Restitution
Payable to: ___
___ Affirmative Finding of a Deadly Weapon
___ S.A.I.P. (Boot Camp) ___ Shock Supervision
___ Drivers License Suspension Start Date: ___
End Date: ___
___ SAPPF (Comm Supervision)(Amended Comm Supv)
___ Therapeutic Community Program
___ HRS Community Service ___ DYS ELM
___ DYS MOS (BCADC)(STATE JAIL)(Cond of Supv)
___ (Work)(Weekend) Release Program (Cond of Supvsn)
___ Found TRUE to Enhancement Paragraph as a Repeater
___ Found TRUE to Enhancement Paragraphs as a Habitual
___ Other: ___

By: ___

___ DEPUTY

**DONNA KAY McKINNEY**
**BEXAR COUNTY DISTRICT CLERK**

1:26

Exhibit "A"

RIGHT THUMBPRINT

179





| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 290TH DISTRICT |
| | § | |
| VS. | § | COURT |
| | § | |
| REYNALDO FLORES | § | BEXAR COUNTY, TEXAS |
| | § | |
| STATE ID NO.: 8724279 | § | |
| | § | |

## JUDGMENT OF ACQUITTAL BY COURT

| | | |
|---|---|---|
| Judge Presiding: **HON. MELISA C SKINNER** | Date Judgment Entered: | 11-26-2012 |
| Attorney for State: **CHRISTOPHER WILLIAM DEMARTINO** | Attorney for Defendant: | **DOUGLAS J KAPPMEYER** |
| Charged Offense: **Sexual Assault** | Date of Acquittal **11-26-2012** | |
| Charging Instrument: _Count II **OF THE INDICTMENT** | Statute for Offense: **22.011(A) PC** | |
| Plea to Offense: **NOT GUILTY** | Foreperson: **Jodee Gilmore** | |

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in Bexar County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☐ Defendant appeared in person with Counsel.
☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court FINDS Defendant NOT GUILTY of the charged offense.

The Court ORDERS, ADJUDGES, AND DECREES that Defendant is NOT GUILTY of the charged offense. The Court FURTHER ORDERS Defendant immediately discharged.

Signed and entered on this _____ day of ___ NOV 2 6 2012 ___ 20 ___

JUDGE PRESIDING
MELISA C SKINNER
290TH DISTRICT COURT
BEXAR COUNTY, TEXAS

Clerk: 32809

DC2012CR1969

# Benefit for 'S.A. 4' slated for Saturday

**By Drew Joseph**
STAFF WRITER

Exhibit C

## U.S. District Court [LIVE]
## Western District of Texas (San Antonio)
## CIVIL DOCKET FOR CASE #: 5:13-cv-00002-FB

Flores v. San Antonio Police Department et al
Assigned to: Chief Judge Fred Biery
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 01/02/2013
Date Terminated: 07/24/2013
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

Reynaldo Flores

represented by Reynaldo Flores
961543
Bexar County Adult Detention Center
200 N. Comal Street
San Antonio, TX 78207
PRO SE

V.

**Defendant**

San Antonio Police Department

**Defendant**

Bexar County District Attorney
Office

**Defendant**

Bexar County Adult Detention  Deleted
Center

| Date Filed | # | Docket Text |
|---|---|---|
| 01/02/2013 | ● | This case has been randomly ASSIGNED to Chief Judge Fred Biery (mjm) (Entered: 01/03/2013) |
| 01/02/2013 | ● | If ordered by the court, all referrals will be assigned to Magistrate Judge Bemporad (mjm) (Entered: 01/03/2013) |
| 01/02/2013 | ● 1 | COMPLAINT, filed by Reynaldo Flores. (Attachments: # 1 Civil Cover Sheet and copy of transmittal envelope)(mjm) (Entered: 01/03/2013) |
| 01/02/2013 | ● | CASE REFERRED to Magistrate Judge Henry J. Bemporad (mjm) (Entered: 01/09/2013) |

| 02/25/2013 | ⊙ 2 | NOTICE of Filing Declaration by Reynaldo Flores (rg) (Entered: 02/25/2013) |
|---|---|---|
| 02/28/2013 | ⊙ 3 | DISMISSAL ORDER re 1 Civil Rights Complaint filed by Reynaldo Flores is DISMISSED WITHOUT PREJUDICE. Signed by Chief Judge Fred Biery. (rg) (Entered: 02/28/2013) |
| 02/28/2013 | ⊙ | CASE NO LONGER REFERRED to Magistrate Judge Henry J. Bemporad. (rg) (Entered: 02/28/2013) |
| 02/28/2013 | ⊙ 4 | JUDGMENT - ORDERED that Plaintiff Reynaldo Flores's 42 U.S.C. § 1983 civil rights complaint is DISMISSED WITHOUT PREJUDICE for failure to pay a prior sanction. Signed by Chief Judge Fred Biery. (rg) (Entered: 02/28/2013) |
| 03/07/2013 | ⊙ 5 | Objecttion to 3 Order by Reynaldo Flores. (rg) (Entered: 03/08/2013) |
| 04/03/2013 | ⊙ 6 | ORDER re 5 Motion for Reconsideration filed by Reynaldo Flores is GRANTED and the the DISMISSAL ORDER and JUDGMENT are VACATED. ORDER REFERRING CASE to Magistrate Judge Henry J. Bemporad. Signed by Chief Judge Fred Biery. (rg) (Entered: 04/03/2013) |
| 05/01/2013 | ⊙ 7 | ORDERED that, within twenty-one (21) days of the date of this Order, Plaintiff either pay the filing fee or submit an application to proceed IFP (which must be accompanied by a current institutional trust fund account statement that shows his balances for the previous six moths). Signed by Judge Henry J. Bemporad. (rg) (Entered: 05/01/2013) |
| 05/13/2013 | ⊙ 8 | ORDER TO SHOW CAUSE as to Reynaldo Flores. Plaintiff must SHOW CAUSE within twenty-one (21) days of the date of this Order. Signed by Judge Henry J. Bemporad. (rg) (Entered: 05/14/2013) |
| 05/24/2013 | ⊙ 9 | PRO-SE MOTION to Amend Complaint, and Show Cause by Reynaldo Flores. (Attachments: # 1 Exhibit). Motions referred to Judge Henry J. Bemporad. (wg) (Entered: 05/24/2013) |
| 05/24/2013 | ⊙ 10 | ADVISORY TO THE COURT by Reynaldo Flores. (wg) (Entered: 05/24/2013) |
| 06/05/2013 | ⊙ 11 | MOTION to Proceed in forma pauperis by Reynaldo Flores. (Attachments: # 1 Exhibit, # 2 Mailing Envelope) Motions referred to Judge Henry J. Bemporad. (rg) (Entered: 06/10/2013) |
| 07/15/2013 | ⊙ 12 | ADVISORY TO THE COURT by Reynaldo Flores. (rg) (Entered: 07/15/2013) |
| 07/17/2013 | ⊙ 13 | ADVISORY TO THE COURT by Reynaldo Flores. (rg) (Entered: 07/18/2013) |
| 07/18/2013 | ⊙ 14 | MOTION for Default Judgment against Defendants by Reynaldo Flores. Motions referred to Judge Henry J. Bemporad. (rg) (Entered: 07/22/2013) |
| 07/24/2013 | ⊙ 15 | ORDER Directing Monthly Payments be made from Prison Account of Reynaldo Flores. GRANTING 11 MOTION to Proceed in forma pauperis filed by Reynaldo Flores. Copy of this Order to be mailed to Mr. |

| | | |
|---|---|---|
| | | Arnold Ramirez, Custodian of the Bexar County Sheriff's Department Inmate Trust Fund. Signed by Chief Judge Fred Biery. (rg) (Entered: 07/24/2013) |
| 07/24/2013 | ● 16 | DISMISSAL ORDER re 1 1983 Complaint filed by Reynaldo Flores IS DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM. CASE NO LONGER REFERRED to Magistrate Judge Henry J. Bemporad. Signed by Chief Judge Fred Biery. (rg) (Entered: 07/24/2013) |
| 07/24/2013 | ● 17 | JUDGMENT - ORDERED that Plaintiff Reynaldo Flores's 42 U.S.C. § 1983 civil rights complaint is DISMISSED as frivolous and for failure to state a claim. Signed by Chief Judge Fred Biery. (rg) (Entered: 07/24/2013) |
| 08/05/2013 | ● 18 | Objections to 16 Dismissal Order, 17 Judgment by Reynaldo Flores. (Attachments: # 1 Exhibit A-M, # 2 mailing envelope)(rg) (Entered: 08/06/2013) |
| 08/09/2013 | ●● 19 | MOTION copy of docket sheet by Reynaldo Flores. (rg) (Entered: 08/09/2013) |
| 08/26/2013 | ● 20 | NOTICE of Filing by Reynaldo Flores. (rg) (Entered: 08/27/2013) |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

REYNALDO FLORES, §
 §
      Plaintiff, §
 §
VS. § CIVIL ACTION NO. 2:14-CV-283
 §
 §
TDCJ TRANSITORIAL PLANNING §
DEPART. SOUTHERN REGION INST. §
DIVISION ET AL, §
 §
      Defendant. §

## ORDER GRANTING EXTENSION

Pending is Plaintiff's Motion for Extension to file objections to the undersigned's memorandum and recommendation to dismiss this action. (D.E. 21). Plaintiff's Motion for Extension is **GRANTED**. Plaintiff shall file any objections to the memorandum and recommendation (D.E. 19) on or before **December 22, 2014.**

Plaintiff is reminded that a party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

1 / 2

Exhibit E

Ismael Aguilar Alarcon
T.D.C.J. No.
Cotulla Unit
610 FM 624
Cotulla TX 78014

LEGAL MAIL.

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

JAN - 5 2015

CHRISTOPHER A. PRINE

FILED-CLERK
1ST COURT OF APPEALS
HOUSTON, TEXAS

JAN - 5 2015

CHRISTOPHER A. PRINE

CLERK

ADDRESS CORRECTION REQUESTED.

Clerk
Court of Appeals
First District At
Houston
301 Fannin St - Houston TX
77002