# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2021

Lyle W. Cayce
Clerk

No. 19-10350

Nicolas Salomon,

*Plaintiff—Appellant*,

*versus*

Kroenke Sports & Entertainment, L.L.C.; Outdoor
Channel Holdings, Incorporated,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-666

_____

Before Jones, Smith, and Elrod, *Circuit Judges*.

Per Curiam:[*]

In 2013, Nicolas Salomon served as the president of two subsidiaries of Outdoor Channel Holdings, Inc. With his venture partner, Pacific Northern Capital, LLC, Salomon pursued preliminary negotiations to purchase the two subsidiaries from Outdoor. The parties executed a term

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

sheet, which laid out various parameters of the potential sale. The only binding portion of the term sheet was the "Exclusivity" section, which established an exclusive period of negotiations with respect to a sale of the subsidiaries.

The sale of the subsidiaries fell through—after a merger with Kroenke Sports & Entertainment, LLC, Outdoor decided not to go through with the deal. Salomon remained president of the subsidiaries for approximately one year until he was terminated. Shortly after he was terminated, he brought this lawsuit.

Salomon alleged breach of contract against Outdoor, tortious interference with existing contract against Kroenke, tortious interference of prospective relations against Kroenke, breach of fiduciary duty against Pacific for breaching its fiduciary duties as joint venture partner to Salomon, aiding and abetting breach of fiduciary duty against Kroenke and Outdoor, unjust enrichment against Kroenke, Outdoor, and Pacific, and civil conspiracy against Kroenke, Outdoor, and Pacific.

Defendants Kroenke and Outdoor moved for summary judgment on all claims. In addition, Kroenke and Outdoor moved to exclude the testimony of Salomon's damages expert, and Salomon moved to exclude the testimony of Kroenke and Outdoor's expert on public company mergers and acquisitions. After a *Daubert* hearing, the district court issued an order granting Salomon's motion to exclude the defendants' expert, granting in part and denying in part the defendants' motion to exclude the testimony of Salomon's expert, and granting the defendants' motion for summary judgment as to all claims. Salomon timely appealed.

Based on a review of the briefs, arguments, and pertinent portions of the record, we find no reversible error of fact or law in the district court's summary judgment analysis or abuse of discretion in its exclusion of certain

testimony offered by Salomon's damages expert.  We affirm essentially for the reasons stated in the district court's thorough opinion and here need only summarize the essential failings of the appellant's position.

This is a contract interpretation case under Texas law.  The Exclusivity provisions formed a contract that related to the sale of the subsidiaries, but the parties disagree about whether there was breach under the facts of this case—whether Outdoor's negotiations with Kroenke relating to Kroenke's offer to acquire all of Outdoor's outstanding stock implicated the Exclusivity provisions at all.

"[A] parent corporation and its subsidiaries are distinct legal entities."  *Docudata Recs. Mgmt. Servs., Inc. v. Wieser*, 966 S.W.2d 192, 197 (Tex. App.—Houston [1st Dist.] 1998, pet. denied); *see also Cap. Parks, Inc. v. Se. Advert. & Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994) (holding that a wholly-owned subsidiary was a "separate legal entity possessing its own separate assets and liabilities").  The sale of a parent company's stock does not necessarily implicate agreements relating to the sale of subsidiaries.  *See id.* ("[T]he transfer of the parent corporation's stock and assets . . . does not affect the ownership of assets held by the subsidiary."); *Tenneco Inc. v. Enter. Prod. Co.*, 925 S.W.2d 640, 645 (Tex. 1996) ("[T]he purchaser of stock in a corporation does not purchase any portion of the corporation's assets, nor is a sale of all the stock of a corporation a sale of the physical properties of the corporation." (quoting *McClory v. Schneider*, 51 S.W.2d 738, 741 (Tex. Civ. App.—Amarillo 1932, writ dism'd))).

We agree with the district court that, under the terms of the Exclusivity provisions, Outdoor did not breach by negotiating with Kroenke about the acquisition of Outdoor or by accepting Kroenke's offer to acquire Outdoor's stock.  The Exclusivity provisions concerned only the

subsidiaries, and the sale of all of Outdoor's stock was not equivalent to the sale of its subsidiaries.

For Salomon's claims against Kroenke and Outdoor arising from an alleged breach of fiduciary duty by Salomon's venture partner Pacific, the parties disagree about what inferences are properly drawn from an attempted amendment to the original contract that included a signature line for Pacific but not for Salomon. We agree with the district court that Salomon failed to create a genuine issue of material fact with respect to whether Kroenke and Outdoor were aware that they were participating in an alleged breach of fiduciary duty by Pacific. Salomon's speculations do not suffice. *See Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) ("'[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy' the nonmovant's burden in a motion for summary judgment." (quoting *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*))).

Finally, the district court's ruling to exclude in part the testimony of Salomon's damages expert was not an abuse of discretion. The district court explained that the expert's proposed testimony on benefit-of-the-bargain damages were based on an equity structure Salomon proposed to his venture partner Pacific but to which Pacific never agreed and thus, this testimony was "unreliable." *See Hoffman v. L & M Arts*, 838 F.3d 568, 584 (5th Cir. 2016) ("'[A] hypothetical, speculative bargain that was never struck and would not have been consummated' cannot serve as a baseline for benefit-of-the-bargain damages . . . ." (quoting *Formosa Plastics Corp., USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 50 (Tex. 1998))).

The district court's judgment is AFFIRMED.