# United States Court of Appeals for the Fifth Circuit

---

No. 23-50173
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 11, 2023

Lyle W. Cayce
Clerk

ESSIE R. MCDANIEL MORRIS,

*Plaintiff—Appellant*,

*versus*

TEMPLE INDEPENDENT SCHOOL DISTRICT, BENEFITS DEPT. -
DAVID MCCAULEY - DIR. OF PERSONNEL; TEMPLE I.S.D.,
SUPT. OF TEMPLE TEXAS SCHOOLS; SUSAN JOYCE DASHER;
NELSON D. TAYLOR, *Attorney*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:21-CV-1378

---

Before STEWART, DENNIS, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Plaintiff–Appellant Essie R. McDaniel Morris, proceeding pro se, appeals the district court's dismissal of her suit against Defendants-Appellees Temple Independent School District ("TISD"), Susan Joyce

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-50173

Dasher, and Nelson D. Taylor, for claims of discriminatory termination of employment under Title VII, breach of contract, and fraud relating to her Teacher Services Record.[1] Morris worked at TISD from 1975-1980 until the TISD Board of Trustees declined to renew her annual contract in 1980. Morris filed this action in response on December 29, 2021. TISD filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and Morris filed a motion for summary judgment. The district judge referred the motions to a magistrate judge, who recommended dismissing all of Morris's claims as barred by the statute of limitations and denying Morris's motion for summary judgment as moot. Morris did not timely file written objections to the proposed findings or recommendations and the district court adopted the magistrate judge's report and recommendation, dismissing the case.

Generally, we review a district court's ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) *de novo*. *See NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393 (5th Cir. 2015) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, we apply the plain error standard when the complaining party fails to object to a report and recommendation of the magistrate judge under 28 U.S.C. § 636(b)(1)(B) after having been "served with notice that such consequences will result from a failure to object." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Here, Morris was warned that failure to file written objections within 14 days from her receipt of the magistrate judge's report and recommendation would bar her from appellate review of

---

[1] Morris's civil cover sheet also indicated that the nature of the suit includes numerous other claims. The district court did not address these additional actions, as they were not discussed in Morris's complaint. Morris does not address any of these additional claims on appeal. This Court will not address them.

unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. She did not file timely objections to the magistrate judge's report and recommendation and the district court did not conduct a *de novo* review of the record. As a result, the factual findings and legal conclusions adopted by the district court are reviewed for plain error. *See id.*

Review of the record and of Morris's briefs in this appeal show no error in the district court's conclusion that her suit was time barred. Regardless of whether the applicable statute of limitations is 90 days or 180 days to bring a claim of racial discrimination or retaliation under Title VII, or four years for state contract or fraud claims for an employment relationship, Morris's employment with TISD ended May 30, 1980, placing all her claims well beyond any applicable statute of limitations. Insofar as Morris argues that this suit is timely because of newly acquired information, experiences, and observations, she fails to allege with particularity to what information she is referring to, or how this new information tolls the statute of limitations applicable to her case.

Because the district court properly granted TISD's motion to dismiss and denied Morris's motion for summary judgment as moot, we AFFIRM the district court's judgment.